### KLUGH v. CORONACA MILLING CO.

1. CORPORATIONS—PLEADINGS—STOCKHOLDERS.—A COMPLAINT 'by minority stockholders seeking to wind up the affairs of a corporation for acts of negligence or mismanagement on the part of its officers or board of directors, must charge on the part of the managers: (1) fraudulent acts; (2) *ultra vires* acts; (3) negligence of corporate directors; (4) that the corporation has been requested to correct the alleged wrongs, and refused to do so, or facts which would excuse such application.

Before McCULLOUGH, special J., Greenwood, June, 1902, Affirmed.

Action by J. S. Klugh and other minority stockholders of Coronaca Milling Co. against Coronaca Milling Company, and Percy Lumley, as president and manager. The following is the Circuit decree:

"This was a motion to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. As will appear from an inspection of the complaint, it is an action brought by certain stockholders in the Coronaca Milling Company against the said company, and Percey Lumley, as president, for the appointment of a receiver; for an accounting by the said Percey Lumley, and for the liquidation of the affairs of the said corporation.

"In order to sustain a complaint of this character it is necessary that it should charge on the part of the board of directors, or a majority stockholders: (1) Fraudulent acts. (2) *Ultra vires* acts. (3) Negligence of corporate directors. (4) That the corporation has been requested to correct the alleged wrongs and refused to do so, or facts which would excuse such application. See Cook on Stock and Stockholders and Corporation Law, secs. 644 and 646; *Latimer* v. *Railroad Company,* 39 S. C., 52; *Wenzel* v. *Brewing Company,* 48 S. C., 83; *Stahn* v. *Catawba Mills,* 53 S. C., 519; *Matthews* v. *Bank,* 60 S. C., 183.

"Does this complaint, then, allege such facts? The complaint alleges, among other things, that the defendant, Percey Lumley, has for the past three years been the president and manager of the said corporation; that the said mill has been run at a loss of from $2,500 to $3,000 in the past twelve months; that said loss was caused mainly by the gross neglect and mismanagement of the said Percey Lumley, as president and manager of the same—in that he has not given it his time and attention, as he was in duty bound to do, but, on the contrary, has been absent almost the whole time for more than a year, having accepted a position in the service of the Southern Railway Company at Salisbury, N. C.; that he has not called the directors of the said corporation together in meeting since September, 1900; that he has failed to pay any attention to the suggestions and recommendations made by the directors, but, on the contrary, has carried on the business in his own way, without regard to the wishes of the directors and the interests of the stockholders; that by his

conduct in the ginning department of said corporation he has driven off about one-half of its old customers. The .complaint further alleges that the said Percey Lumley has shown partiality in the management of the affairs of the said corporation, in that at the close of the season of 1899 and 1900 he declared a dividend of fifteen per cent. on the capital stock of the same, which amount he paid to himself and other stockholders represented by. him, and paid to the minority of the stockholders only ten per cent. on their stock. Paragraph IX. alleges that at the meeting of the stockholders held on the 22d day of July, 1902, the said Percey Lumley represented in person and by proxy ·a clear majority of the said stock, and in spite of the earnest protests of the plaintiffs, who put the meeting in full possession of the facts above stated, the said Percey Lumley proceeded to re-elect himself as president and manager and director of the said corportation, and thereafter proceeded to elect a board of directors named by himself, of which board of directors two are non-residents and one is a brother-in-law and another a mother-in-law of the said Percey Lumley. It is further alleged that the plaintiffs have not applied to the board of directors, or the said majority of stockholders, who, from the allegations of the complaint, in person and by proxy is none other than the said Percey Lumley himself, for a redress of their wrongs, because, as charged in the complaint, the said stockholders and directors are the wrongdoers, and have full control of the said corporation, and such an application would be useless and unavailing.

"Now, if these allegations be true, and they must be so taken for the purposes of this motion, to say the least of it, they charge gross negligence on the part of the corporate directors, as well as a majority of the stockholders, in that they continue in office a man who had been giving no attention to the affairs of the concern, but, on the contrary, has accepted another position outside of the State, and whose neglect and mismanagement is wrecking the affairs of the corporation to the injury of the plaintiffs; a man, also, who

has shown partiality and a disposition to oppress the minority stockholders, in that he has paid to himself and a majority of the stockholders represented by him fifteen per cent. dividend at the close of the seasons 1899 and 1900, and has withheld from the plaintiffs and minority stockholders a part of what is justly due them. If the allegations of the complaint be true, it will be useless for the plaintiffs to apply to the board of directors, or a majority of the stockholders, since the said board of directors was selected, as charged in the complaint, by the said Percey Lumley alone for his purposes, and are under his domination and 'control.' If the allegations of the complaint be true, I am of the opinion that it was gross negligence on the part of the board of directors to permit the said Percey Lumley, under these circumstances, to continue in charge of the affairs of the corporation, and this is one ground for equitable interference. It was not argued on the Circuit, and I have not had time to thoroughly investigate the question, but I have grave doubts as to whether or not the said Percey Lumley, representing a majority of the stockholders, had the right to elect the officers of this corporation. The law, as I understand it, requires the board of directors to elect the officers of a corporation. But be this as it may, the board of directors are certainly chargeable with the management of the affairs of the corporation and if they knowingly permit an incompetent man to remain in office, or one guilty of acts of negligence and mismanagement charged in the complaint to Percey Lumley, with full knowledge of the facts, as alleged in the complaint, in my opinion, they themselves thereby participate in the wrong, and should be held equally responsible with the wrongdoer. I think, under the allegations of the complaint, that it may be inferred that the application to the board of directors, elected by the said Percey Lumley, under his control and also wrongdoers with him, for a redress of these wrongs, would be entirely futile.

"These being my views, under the authorities above

quoted, and especially the case of *Mathews* v. *Bank, supra,* I overrule the demurrer."

From this decree the defendants appeal on the following exceptions :

"First : Because his Honor erred in not holding that the decree or order rendered by his Honor, Judge Townsend, in this case, not appealed from, is the law of this case on all questions therein passed upon.

"Second : By his decree in this case, Judge Townsend declared that the complaint did not show that the defendant, Coronaca Milling Company, was insolvent, but clearly showed that the same was entirely solvent; his Honor, Judge McCullough, therefore, erred in not holding that this finding was final and binding upon him in the determination of that question.

"Third : By his decree in this case, Judge Townsend in effect declared that the complaint does not state facts sufficient to constitute a cause of action, in that the acts complained of are not fraudulent, *ultra vires,* oppressive or illegal, and the plaintiffs have not endeavored to obtain redress within the corporation; his Honor, Judge McCullough, therefore, erred in not holding that this finding was final, and binding upon him in the determination of these questions.

"Fourth : It was error in his Honor to hold that the complaint states facts sufficient to constitute a cause of action. (a) Because it shows on its face that the Coronaca Milling Company is entirely solvent. (b) It fails to allege that the directors or managing board have done or threatened to do any act *ultra vires,* or any act of fraud, illegality or oppression injurious to the corporation, or in violation of the rights of its stockholders. (c) It fails to allege that the plaintiffs have endeavored to obtain relief of their alleged grievances within the corporation. (d) It fails to allege any facts which would justify the conclusion that an effort to obtain redress within the corporation would be unavailing. (e)

It fails to allege that the board of directors or majority stockholders upon demand have refused to apply for the relief asked by the plaintiffs. (f) All the acts complained of are *intra vires* of the corporation.

"Fifth: It was error for his Honor to hold that a stockholder can maintain an action for 'negligence of corporate directors;' for the reason that the action cannot be maintained unless the negligence is such that the majority stockholders does not nor cannot condone.

"Sixth: It was error for his Honor to hold that the complaint states such facts as would justify a Court in concluding that an application to the board of directors or majority stockholders for the relief demanded would be unavailing. (a) Because the complaint shows on its face that the board of directors had only been elected a few days prior to the commencement of this suit. (b) It shows that two of the plaintiffs were elected members of said board, and without an effort to obtain relief from the board of which they were members, resigned their positions upon said board. (c) There is no allegation of facts to justify the conclusion that the other members of the board would uphold the president and managers of the corporation in the commission of fraudulent acts, *ultra vires* acts, or illegal or oppressive acts. (d) There is no allegation of facts to justify the conclusion that the directors would uphold the president and managers in the neglect of the affairs of the corporation. (e) There is no allegation of facts to show that after the election of the present board of directors they have ever been asked or had an opportunity to remedy the acts complained of; on the other hand, the complaint shows that the present board of directors, of which two of the plaintiffs were elected members, had no opportunity prior to the commencement of this action, had they desired to have done so, to remedy the acts of which the plaintiffs complain.

"Seventh: His Honor erred in not holding that all of the acts of which the plaintiffs complain are such as should be laid before the board of directors, and their action

thereon, in the absence of fraud, would be binding upon the corporation.

"Eighth: The acts complained of are, at most, only matters of internal management of the corporation, of which the board of directors are the final arbiters, and his Honor was in error in not so holding, and dismissing the complaint."

*Messrs. Sheppards & Grier* and *Caldwelll & Park,* for appellants, cite: *Findings of Circuit Judge on hearing for appointment of receiver is binding on successor:* 14 S. C., 324. *Courts are careful not to interfere in workings of corporations:* 4 Ency., 194; 23 St., 1036; 104 U. S., 460. *Facts necessary to be pleaded:* 2 Cook on Corp., sec. 644, 646, 740; 53 S. C., 529; 39 S. C., 49; 48 S. C., 80.

*Mr. Ellis G. Graydon,* contra, cites: *Complaint states a good and sufficient cause of action:* 104 U. S., 462; 39 S. C., 44; 48 S. C., 80; 53 S. C., 519; 60 S. C., 437; 8 S. E., 576; 2 Cook on Corp., sec. 741, and note 3, p. 1617, and note 1, p. 1619; 20 Ency. P. & P., 781, 786, 788, 767, 783, and note 3; 2 Cook on Corp., secs. 644, 701, 703, 734.

April 20, 1903.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The only question in this appeal is whether the Circuit Court erred in overruling a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.   The decree of the Circuit Court (which is officially reported herewith, together with the exceptions thereto,) is quite satisfactory, and is affirmed upon the authorities and for the reasons therein stated.   The complaint states a case showing gross negligence and mismanagement of the corporate property resulting in loss to the stockholders, and that an effort for redress within the corporation would be useless. *Stahn* v. *Catawba Mills,* 53 S. C., 528, 31 S. E., 498; *Matthews* v. *Bank,* 60 S. C., 183, 38 S. E., 430.

The judgment of the Circuit Court is affirmed.