## 7154

## SIGWALD v. CITY BANK.

1. CORPORATIONS—RECEIVERS—STOCKHOLDERS—DIRECTORS.—A stockholder of a corporation may sue the directors and receiver for an accounting for mismanagement of the corporate property without consent of the Court first had, if the suit is not intended to recover or affect assets in the control of the Court but to augment them for distribution, and Court may give permission after suit begun.

2. IBID.—DIRECTORS—PARTIES.—The liability of directors for the mismanagement of the corporate property is several as well as joint, and in such suit all directors or their legal representatives need' not be made parties.

Before GAGE, J., Greenwood, Spring Term, 1908. Affirmed.

Action by Lucy M. Sigwald against City Bank. Wm. H. Bailey, J. S. Morse, E. S. Tinsley, J. S. Klugh and James F. Davis as receiver and president of the City bank. From order overruling demurrers, defendants appeal.

*Messrs. Grier & Park* and *Ellis G. Graydon,* for appellants.

*Messrs. Grier & Park,* cite: *Plaintiff has no capacity to sue:* 66 S. C., 106; 60 S. C., 199; 48 S. C., 80; 53 S. C., 519; 39 S. C., 44; Clark on Corp., secs. 204-5; Cook on Corp., sec. 701; 23 Ency., 1074; 128 Fed., 123; 132 Fed., 602; 16 Wall., 203; 104 U. S., 126; 141 U. S., 327; 145 U. S., 593; 149 U. S., 473; 177 U. S., 51; 44 Fed., 14; 149 U. S., 162; 124 U. S., 131; 46 S. C., 261; 12 Metc., 371; 45 Fed. R., 669; 63 Fed. R., 491; 55 U. S., 65, 374; 58 U. S., 17; 136 U. S., 223, 287; 53 S. C., 446; 44 S. C., 46. *Power of the Court to grant leave after suit begun:* 15 S. C., 315; 11 C. C. A., 307; 12 Metc., 371; 149 U. S., 478; 53 S. C., 529; 48 S. C., 80; 39 S. C., 44; 60 S. C., 199; 66 S. C., 106; 61 Fed. R., 417. *Defect of parties defendant:* 44 S. C., 63; 67 S. C., 83; 74 S. C., 477; 93 U. S., 233; 92 U. S., 161; 20 Wall., 520; 113 U. S., 302; 85 Fed. R., 825; 25 S. C., 355. *No cause of action stated:* 8 L. R. A., 738.

*Messrs. Caldwell & Giles,* contra, cite: *Stockholder may maintain this action:* 88 N. Y., 52; 53 Am. Dec., 624; 26 Conn., 456; 34 Tex., 125; Taylor on Private Corporations, sec. 688; Mora. on Corp., sec. 242; 66 S. C., 100; 9 Ves., 335; 19 N. Y., 369; 104 U. S., *Barton* v. *Barbour;* 6 Cur. Law, 1264; 3 L. R. A., 634; 17 Ency. P. & P., 775, etc.; 71 Am. St. R., 355; High on Rec., secs. 139, 140. *Not necessary to make all directors parties:* 15 Ency. P. & P., 71; 104 Mass., 378; 42 Minn., 196; 82 N. Y., 79; 113 Ala., 636; 4 Metc., 330; 41 Hun., 571; 40 N. J. Eq., 123; 5 Paige, 607; Thomp. Liability Off. and Agts. of Corp., 394.

April 9, 1909.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This appeal is from an order of Judge Gage overruling a demurrer to the complaint.  The demurrer was based upon two grounds: (1) That plaintiff had not legal capacity to sue; (2) defect of parties defendant.  The suit is by a stockholder of the City Bank of Greenwood, S. C., now insolvent and in the hands of a receiver, in behalf of herself and all other stockholders who shall come in, against the said bank and its directors, including James F. Davis, its president, who is also a receiver of the bank, charging gross negligence in the management of the bank to the loss of the stockholders and demands an accounting by said directors.  The complaint is quite lengthy and we accept, for the purpose of this appeal, the following condensed statement of the material facts alleged as stated in the argument of appellants' counsel:

1. Plaintiff is a stockholder in City Bank; 2, the bank failed on May 20, 1903, and was placed in hands of receiver, defendant, James F. Davis, on May 27, 1903, and is now in hands of said receiver; 3, the defendants Bailey, Marse, Tinsley, Klugh and Davis were directors of the bank at the time of failure, and Davis was president; 4, other persons than those defendants had been officers and directors of the bank at various times, during the period of time for which the defendants are asked to account, to wit: Jordan (who died December 7, 1901), Maxwell (who died July or August, 1899), Joel S. Bailey (who died September 3, 1900) and Barksdale (resigned, time not stated)—none of whom are parties to this action; 5, during this time certain statements were made by the officers of the bank showing the bank to be in good condition; 6, dividends were paid regularly until the bank suspended; 7, Jordan, who is not a party, and Davis, who is, made returns for taxation showing the value of the capital stock to be above par; 8, that the assets of the bank will not pay stockholders over twenty-five per cent. of their holdings; 9, that Davis was elected a

director and president and was not the owner of stock in the bank, in violation of law; 10, that the directors never attended meetings of the board and the defendant Davis was allowed to run the bank according to his own notions; 11, that during Jordan's presidency (who is not a party) and during Davis' presidency, large unauthorized loans were made on insufficient security and on unrecorded mortgages of both real and personal property; 12, general charges of mismanagement, carelessness and negligence on the part of the defendant directors, resulting in loss to the bank.

It is contended that plaintiff has no legal capacity to sue, (1) because the alleged cause of action belongs to the corporation and cannot be properly brought except by the receiver, (2) because the complaint fails to show that plaintiff obtained leave of the Court to bring the action, (3) because the Court, having appointed a receiver to manage the affairs of the corporation, should not grant plaintiff power to bring the action.

The general rule is that when directors or officers of a corporation are charged with the mismanagement of the corporated property, the action to redress should be instituted by the corporation, but to this rule there is a well established exception that a stockholder may be permitted to bring such action in his own name when it is apparent that an application for redress through corporate action would be useless. *Latimer* v. *R. R. Co.,* 39 S. C., 44, 17 S. E., 258; *Wenzel* v. *Brewing Co.,* 48 S. C., 80, 26 S. E., 1; *Stahn* v. *Catawba Mills,* 53 S. C., 528, 31 S. E., 498; *Matthews* v. *Bank,* 60 S. C., 183, 38 S. E., 437; *Klugh* v. *Milling Co.,* 66 S. C., 106, 44 S. E., 566.

Such is the situation in this case. The corporation is in the hands of a receiver and, therefore, no application for redress could be successfully made at a meeting of stockholders or before the board of directors charged with mismanagement, and as the receiver is one of the parties charged with wrong doing he would not and could not sue

himself. The case is much like *Brinckenhoff* v. *Bostwick,* 88 N. Y., 52, wherein demurrer was overruled. Appellants contend, plaintiff's only remedy was to have the receiver removed and a new one appointed who could be directed by the Court to conduct the litigation. But the present suit is before the Court which appointed the receiver and the Court may not care, at this juncture, to remove the receiver, as no charges are made against him as such, and may consider that the ends of justice would as well be met by permitting the present action to continue with the receiver as a party defendant.

Judge Gage was of the opinion that such leave to maintain the action should now be given to plaintiff, and we see no want of power or impropriety in such determination, if the absence of previous leave is a mere irregularity and not jurisdictional.

It will be observed that the suit is practically against the directors and is not to enforce any liability of the receiver as such. It is not intended to recover or affect assets in the control of the Court, but to augment the assets for distribution. Such consideration might well have moved the Court to hold that leave to bring the action was unnecessary, if the stockholders' right to sue was complete on the other ground mentioned.

In *Barton* v. *Barbour, Receiver,* 104 U. S., 126, the Court held that where the action was to recover specific property in the hands of the receiver, or a money judgment against the receiver, or generally where a judgment in the action would give the claimant some advantage over other claimants upon the assets in the receiver's hands, it was necessary to obtain leave to sue from the Court appointing the receiver, and that failure to obtain such leave was jurisdictional, the suit being in the District of Columbia upon a cause of action arising in Virginia where the receiver was appointed and the property situated. The distinction between that case and the one at bar is wide. There is considerable conflict

among the authorities as to whether the failure to obtain leave to sue a receiver is jurisdictional. 17 Ency. Pl. & Pr., 776, 777.

In 23 Ency. Law, 1125, cases are cited to support the text: "The failure to obtain leave to sue a receiver at law is not a jurisdictional omission, or a defense to the action, at least where there is no attempt to interfere with actual possession of property which the receiver holds under the order of the Court of Chancery. * * * Failure to obtain leave of Court before suing a receiver is, therefore, merely an irregularity, which though punishable as a contempt may be cured or waived at any stage of the proceedings."

We do not think the failure to obtain leave to sue the receiver in this case can be regarded a jurisdictional defect, since no assault is made on the receiver's possession, and no attempt is made, which resulting in a judgment, would interfere with or embarrass the administration of the receiver's trust or give any advantage as among distributees.

We agree also with the Circuit Court that there was no defect of parties defendant. The liability of a director for mismanagement of the corporate property is several as well as joint. The authorities generally hold that it is not necessary to join all the directors or their legal representatives in such a suit as this. 15 Ency. Pl. & Pr., 71; 10 Cyc., 826. The liability of a tort feasor is both joint and several. *Chanet* v. *Parker,* 1 Mills Con. Rep., 333; *Gardner* v. *Railway Co.,* 65 S. C., 344, 43 S. E., 816.

The judgment of the Circuit Court is affirmed.