# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Land Title & Trust Company, Appellant, *v.* Connolly.

*Corporations—Bonding company—Ten per cent deposit—Insufficient capital—Defective incorporation—Liability of officers and directors—Equity—Remedy at law.*

A creditor of a bonding company cannot for himself and other creditors maintain a bill in equity to enforce a personal liability against the officers and directors of the company because they permitted the company to begin business without having ten per cent of its stock paid in cash at the time the certificate was sworn to, and without having $125,000 of the capital paid in when it started in business, as required by law in case of title insurance companies, when there is no averment that the acts of the defendants caused loss to the corporation or brought about its insolvency, and the claim advanced is for moneys due by the defendants to the plaintiffs directly, and not through the corporation.

Argued May 10, 1911. Appeal, No. 347, Jan. T., 1910, by plaintiffs, from decree of C. P. No. 4, Phila. Co., Sept. Term, 1908, No. 3,911, dismissing bill in equity in case of The Land Title & Trust Company, for itself and all other creditors of Keystone Bonding Company v. Paul V. Connolly et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity to impose a personal liability on the officers and directors of a corporation.

The sixteenth and seventeenth paragraphs of plaintiff's bill were as follows:

That said Keystone Bonding Company never had a legal and valid existence as a corporation, but the pretended incorporation thereof was a fraud upon the law of the commonwealth of Pennsylvania in that ten per cent of the capital stock was not paid in cash to the treasurer at the time application was made for its charter, or at any time subsequent thereto.

That defendants unlawfully engaged in the bonding business under the title of Keystone Bonding Company for the reason that $125,000, the minimum amount of capital stock required by law to be paid up before such company could become authorized to engage in business, was never so paid. The total amount of cash received for the stock of the said Keystone Bonding Company during the entire period it was in existence was only $21,500, which said sum included the sum of $7,500 paid by the purchasers of 150 shares of stock on account of surplus at the rate of $50.00 per share.

On demurrer to the bill, AUDENRIED, J., filed the following opinion:

Our reasons for sustaining the demurrers to the bill in this case may be put quite briefly. The bill avers that the plaintiff is a creditor of a corporation, whose officers and directors, the defendants herein, embarked it in business without first complying with certain prerequisites therefor established by law, and upon false representations to the officials of the commonwealth that such prerequisites had in fact been complied with. It avers also that the corporation's business has been discontinued, that steps looking to the settlement of its affairs have been taken, and that certain of its assets have been so disposed of as to work a preference in favor of another of its creditors. Upon these averments the plaintiff, on behalf of itself and

all other creditors of the corporation, prays the court to decree that the defendants are liable as partners for all losses caused to it and others through the business transaction carried on by the corporation in violation of law, and to appoint a referee before whom its claims and the claims of all others damnified by such unlawful transactions may be proved.

The bill contains no averment that the acts of the defendants caused loss to the corporation, or brought about its insolvency.

If the corporation had sustained a loss at the defendants' hands, its claims against them might have been enforced by the corporation itself. So long as it was solvent, no right on the part of its creditors to move in the matter would be recognized. If the corporation has become insolvent, its creditors may ask for the appointment of a receiver to collect for distribution among those entitled to participate therein, all the assets that it owns, including whatever claims it may have against its directors, and this is the usual and more orderly method of procedure, although, under certain circumstances, proceedings may be instituted directly against the directors by a corporate creditor acting on behalf of all concerned, to compel the payment of debts or damages demandable from the former by the corporation. The present cause, however, is not one in which the plaintiff is endeavoring to enforce the payment of anything due by the defendants to the corporation. The claim advanced in the bill is for moneys due by the defendants to the plaintiff directly, and not through the corporation.

If it be conceded that because, under the guise of a corporation, the defendants engaged jointly in a business which the corporation had no legal right to carry on, they have become personally responsible as partners for the debts incurred in the name of the corporation, there is no reason why the plaintiff should not proceed against them at law. The legal remedy for the collection of a debt is ample, even when the debt is owed by several partners.

The allegation that the plaintiff's debt was fraudulently contracted in the name of the corporation through false representations that the corporation had a lawful right to engage in business does not serve to justify the intervention of a court of equity, since the redress afforded by law in such a case is as efficacious as any relief that equity can grant.

The fact that the plaintiff's bill is filed on behalf of all other creditors of the corporation, as well as its own, far from strengthening the case in equity, may open it to objection on the ground of multifariousness. The claim of each party who gave credit to the corporation stands on its own bottom. Whether any particular creditor of the corporation may enforce a claim for damages against all or any of these defendants depends not only on the making of false statements touching the finances of the corporation, but also on whether the creditor was actually deceived thereby and on other conditions, not all of which were necessarily present in the case of every debt contracted by the corporation.

Prior to the enactment of the national bankrupt law and the insolvency act of Pennsylvania, the preference of one of its creditors by an insolvent corporation, if there was no fraud in the contracting of the debt or in the transfer of the corporation's assets in payment of it, was entirely lawful, and neither at law nor in equity gave rise to a liability on the part of the corporation's directors in favor of the remaining creditors. While the legislation referred to has declared that all preferences given by an insolvent corporation, shall, under certain circumstances, enure to the benefit of its creditors generally, it imposes no new liability to the corporate creditors upon the directors or officers concerned in a preferential disposition of the corporate assets. The bill, therefore, cannot be sustained upon the theory that the reinsurance of its risk on its surety bond held by the United States government was a breach of trust by those of the defendants concerned therein for which equity will hold them to account.

*Error assigned* was decree dismissing the bill.

*John G. Johnson,* with him *Guy H. Davies* and *J. Claude. Bedford,* for appellants.—There was not a bona fide attempt to incorporate the Keystone Bonding Company; the pretended incorporation was fraudulent and based on perjured affidavits, and the company did not obtain a de jure or a de facto existence as a corporation. The corporation being illegally and fraudulently formed, the directors acting or contracting in its name, rendered themselves personally liable as partners for its debts: Guckert v. Hacke, 159 Pa. 303; New York Nat. Exch. Bank v. Crowell, 177 Pa. 313; Patterson v. Franklin, 176 Pa. 612; Mandeville v. Courtright, 142 Fed. Repr. 97.

*Ira Jewell Williams,* of *Simpson & Brown,* for Charles G. Rapp; with him *J. B. Colahan, 3d,* for Charles H. Wolf, *Frank R. Savidge,* for William G. Halkett, *Edwin O. Michener,* for W. L. D'Olier, *Roy M. Livingston,* for Wm. H. McCormick, and *Ormond Rambo,* with him *William B. S. Ferguson,* for Joseph M. Smith, Alfred V. D. Watterson, John L. Burns, Thomas E. Brehony and John V. McCann.

PER CURIAM, July 6, 1911.
The decree is affirmed at the cost of the appellants on the opinion of Judge AUDENRIED.

---

## Kinter, Receiver, *v.* Connolly.

*Corporations—Bonding company—Ten per cent deposit—Insufficient capital—Defective incorporation—Liability of officers and directors—Equity—Jurisdiction—Receivers—Bankruptcy acts.*

1. The receiver of a bonding company has no standing to maintain a bill in equity to enforce on behalf of creditors of the company a personal liability against the officers and directors of the company because of false representations made by them and because they permitted the company to begin business without having ten per cent of