## Pierre S. duPont,

### *vs.*

## Standard Arms Company.

### *New Castle, Jan.* 22, 1912.

The right to sue officers and directors of a corporation for mismanagement resulting in insolvency and receivership is a right belonging to the corporation and is to be enforced by the receiver for the benefit of all those whom the Court shall ultimately adjudge to be entitled to the estate.

Petition by Stockholders for Leave to Bring a Class Bill Against Receiver and Certain Directors. Hervey S. Knight, R. Stanley Carswell and William D. Condit, the petitioners, were stockholders of the Standard Arms Company, and alleged that certain persons, directors of the company at or about the time of the appointment of the receiver, had so negligently and willfully mismanaged the business and affairs of the company as to cause its insolvency; and that by reason thereof all of the stockholders had lost their entire investment and the benefit and profits from certain patents held by the company. The petitioners desired to enforce the liability of the directors for such mismanagement for the benefit of the company, and had requested the receiver to bring an action for that purpose, but the receiver had declined to bring such suit until it was satisfied that there was a cause of action of the Standard Arms Company against its directors. The petitioners prayed that they might be permitted to institute and maintain a suit in equity on behalf of the company, in which the petitioners should be complainants in a class bill and the corporation and the receiver formal parties defendant, and the directors parties defendant, for the purpose of enforcing the liability of said directors for said mismanagement.

The answer of the receiver averred that it had no knowledge of any cause or right existing in the Standard Arms Company, either before or since the appointment of the receiver,

against any directors of the company, on account of negligent or wilful mismanagement of the business and affairs of the company; that the petitioners had refused to furnish the receiver with information and facts upon which to base such an action; and that, therefore, the receiver was unable to present to the Chancellor a petition for authority to institute such an action.

The answer also stated that, with the exception of securing assignments of two patents and distribution of the funds in its hands, the receiver had practically concluded its duties, after which time there would be practically nothing for the receiver to do, except to enforce the claim of the petitioners, and was willing to resign its office in favor of some person to be appointed by the Chancellor.

The cause was heard on petition and answer.

*Herbert H. Ward*, for the petitioners.

The following general propositions need no citation of authority: 1. That the right of action for gross mismanagement of a corporation's affairs by its directors or managers lies primarily in the corporation itself. 2. Upon the appointment of a receiver of a corporation, such right of action vests primarily in such receiver. 3. No action at law can be maintained by stockholders against such mismanaging directors. 4. No action in equity will lie in behalf of a·stockholder against such mismanaging directors, except upon the refusal of the board of directors of the corporation to bring suit in behalf of the corporation, except where a majority of such board, or the persons in control of such board, are the wrongdoers. 5. Where there is a receiver of the corporation, ordinarily the action against such directors or mismanagers of the corporation should be maintained by the receiver. 6. For brief resume of these principles, see 10 *Cyc. pp.* 964, 965, 981. That the receiver upon liquidation may maintain such action for negligence, see *Campbell v. Watson*, 62 *N. J. Eq.* 396. Where stockholders have made demand on an assignee in insolvency to bring such a suit and the assignee has refused, unless a majority of the stockholders should request, held that suit by

stockholders was maintainable. *Streight v. Junk*, 59 *Fed.* 321; *Williams v. Hilliard*, 38 *N. J. Eq.* 373; *Ackerman v. Halsey*, 37 *N. J. Eq.* 356. Where for any reason it is inexpedient, or inappropriate, that the receiver should maintain the action, a stockholder may bring the action. *Flynn v. Third Nat'l. Bank*, 122 *Mich.* 642; *Brinckerhoff v. Bostwick*, 88 *N. Y.* 52; *Fisher v. Andrews*, 37 *Hun* 176; *Farwell v. Great Western Telegraph Co.*, 161 *Ill.* 522. Proper practice requires that application should be made to the Court appointing the receiver by stockholders desiring to bring suit for leave to bring such an action, notwithstanding the refusal of the receiver to sue. *Swope v. Villard*, 61 *Fed.* 417. Where a receiver is incompetent to act, the Court will not remove him and appoint a new one for purposes of a suit in a case where stockholders may sue. *Ettlinger v. Carpet Co.*, 142 *N. Y.* 189.

*William S. Hilles* and *Robert H. Richards*, for the receiver.

The receiver of the Standard Arms Company was appointed in pursuance of the statute of the State of Delaware, and among other things, there was imposed upon it the duty of taking charge of the estate, effects, business and affairs of the Standard Arms Company; to collect the outstanding debts, claims and property due and belonging to it, with power to prosecute and defend all claims or suits. It does not need citation of authority to establish the propositions, (1) that the receiver is the officer of the Court of Chancery; (2) that he is the proper custodian of all the property and rights belonging to the corporation; (3) that he represents alike the stockholders and creditors of the corporation and must act for the benefit of such stockholders and creditors, in accordance with the instructions given to him by the Chancellor; (4) that unless otherwise directed by the Chancellor, the Court of Chancery will, in this proceeding, determine all matters affecting the corporation, its stockholders and creditors, and will not permit such matters to be determined elsewhere without the Chancellor's permission; (5) that the receiver is a necessary party to all proceedings taken by or against the corporation, and can commence only such proceedings as may be directed

by the Chancellor; (6) that the Court of Chancery stands, and its receiver must stand, in a position of entire neutrality as between any parties, whether stockholders, creditors or officers of the corporation, and will direct such proceedings to be taken by its receiver as will safeguard and protect the rights of all classes of persons interested in the corporate affairs.

It is manifest that the proper person, and, it is submitted, the only person to enforce any claim due the corporation, is the receiver, and that it is only where the receiver has failed to perform some duty imposed upon it by its office, or by the order of the Court, that any stockholder can take any matter connected with the receivership outside of the jurisdiction of the Chancellor. The alleged demand made upon the receiver in this cause would be entirely insufficient to enable a stockholder to file a stockholder's bill on behalf of the corporation, though no receiver had been appointed. An absolutely indispensable element of the demand made by a stockholder upon the directors of a corporation to enforce a right belonging to the corporation, is that such demand should fairly state to the directors the real object of the action demanded, together with adequate information of the facts essential to support the action. 4 *Thomp. Corp.* § 4583.

And it is submitted that the petitioners have absolutely mistaken the remedy open to them in this cause. It should have been by a petition to the Chancellor, setting forth the facts and praying that the receiver be instructed to bring the action. "When the corporation passes into the hands of a receiver, the stockholder then has no right to sue for or on behalf of the corporation. The receiver then becomes the proper party to sue the directors for mismanagement, and to set aside illegal transfers of property made to them." 4 *Thomp. Corp.* § 4635; *Cunningham v. Wechselberg*, 105 *Wis.* 359; *Swope v. Villard*, 61 *Fed.* 417; *Porter v. Sabin*, 149 *U. S.* 473.

THE CHANCELLOR: A receiver of the Standard Arms Company was appointed by this Court on the ground of its insolvency, and the receiver has sold all its property and assets, and is about ready to make distribution of the proceeds thereof

among its creditors as preliminary to a winding up of the administration of its estate. Several stockholders have filed a petition to be allowed to sue some of the officers of the insolvent company for mismanagement of its affairs by a class bill, with the corporation and the receiver as formal defendants. The basis of this application is the alleged refusal of the receiver to bring the suit, and the correspondence between the petitioners and the receivers on the subject is made part of the petition to show the refusal. It is not necessary to consider this correspondence, except to state that it contains a request that the receiver bring the suit by counsel selected by the petitioners and with them in control of the litigation, or that the receiver resign, and that the receiver disclaimed hostility to the petitioners and offered to bring the suit upon being shown the basis therefor. There does not seem to be a real difference of opinion between counsel for the petitioners and for the receiver as to the law applicable to the situation. It seems settled, that the right and duty to enforce the personal liability of directors or other officers of a corporation for gross mismanagement of the affairs of the company is with the receiver of such company appointed to administer its affairs on the ground of its insolvency, when there is such a receiver. The receiver has broad, general powers, sufficient for the performance of this duty and the exercise of this right, whether the power be acquired by the statute of the State, or be inherent in or incident to the office and a result of the appointment by the Chancellor. The right to sue its officers for mismanagement of its affairs is a right of the corporation; if money be recovered it belongs to the corporation; and if the corporation becomes insolvent and a receiver of all its estate and effects is appointed, the receiver is the proper person to bring the suit; for by the appointment of the receiver the Court through its receiver, assumes jurisdiction of all the estate and affairs of the corporation, for the benefit of all those whom the Court shall ultimately adjudge to be entitled to such estate. 4 *Thompson on Corporations*, § 4635; *Porter v. Sabin*, 149 *U. S.* 473.

What reasons are assigned why the petitioners, rather than the present or substituted receiver, should bring the suit for

the alleged mismanagement by the officers of the company? Beyond asserting that the petitioners would be primarily liable for the expense of the litigation, and so relieve the estate in the hands of the receiver therefrom, and that delay and loss of evidence would be avoided, no reasons are set out in the petition. These reasons do not strongly appeal to the Court. There will be no serious delay. As to the expense, if a new receiver should be appointed in the place of the present receiver, the substituted receiver will have from the estate ample funds to carry on the litigation in question. If in his judgment the proposed litigation is without reasonable basis and likely to be unprofitable, indemnity to the estate against costs of the litigation may be required of those stockholders who desire the litigation. In this way the Court will have, as it should have, control over the litigation; and if it be fruitful, its benefits belong to all creditors and stockholders and not to those petitioning stockholders only. The probability, if any there be, of loss of evidence is a reason why the books and papers of the company should be retained by the receiver of the Court for the purpose of the suit, and so be under the control of the Court through its receiver.

It is urged for the petitioners that from correspondence there appear reasons why the present receiver should not bring the suit; but assuming this to be true, it is not sufficient reason why the petitioning stockholders should have leave to bring the suit. The affairs of the receivership are practically settled, and very speedily the duties of the present receiver will be so concluded as that the receiver will be allowed, according to its commendable offer, to resign and another receiver be appointed, and the person so chosen will be a person free from even a lack of sympathy with the object sought by the petitioners. In this way it seems that all the rights of persons interested will be conserved.

As at present advised, then, the Court will deny the prayer of the petitioner for leave to bring the suit referred to therein.

Let an order be entered accordingly.