BROWNE *ET AL.* v. HAMMETT *ET AL.*
SAME v. BROWN *ET AL.*

(131 S. E., 612)

1. CORPORATIONS—ORDINARILY, RIGHT OF CORPORATION TO SUE ITS OF-
FICERS FOR MISMANAGEMENT CAN ONLY BE ENFORCED BY IT.—Ordin-
arily, right of action vested in corporation to sue its officers for
mismanagement of its affairs can only be enforced by or, under
certain circumstances, in the right of the corporation.

2. BANKS AND BANKING—"LIQUIDATE ITS AFFAIRS" DEFINED.—The ex-
pression "liquidate its affairs," found in Civ. Code, 1922, § 3981, re-
lating to control of bank by examiner, means to gather in the assets,
convert them into cash, and distribute them according to the legal
rights of parties interested.

3. BANKS AND BANKING—UPON PASSING OF ORDER AUTHORIZING COR-
PORATION TO LIQUIDATE AFFAIRS, DIRECTORS BECAME IPSO FACTO
LIQUIDATING TRUSTEES.—Under Civ. Code, 1922, § 3981, as applied in
view of Sections 4280 and 4282, on an order with consent of Bank
Examiner authorizing corporation to liquidate its affairs, directors
of bank became *ipso facto* liquidating trustees, vested with title to
all assets, and corporation was stripped of every power, right, and
activity as a corporation.

4. BANKS AND BANKING—DIRECTORS ARE CHARGED WITH DUTY OF
LIQUIDATION OF CORPORATION ON APPLICATION TO COURT FOR ORDER
AUTHORIZING SUCH LIQUIDATION, AND ARE NOT AGENTS OF BANK
EXAMINER; EXAMINER NOT PROPER PARTY TO SUE DIRECTORS FOR
MISMANAGEMENT.—On application for order authorizing corporation
to liquidate its affairs under Civ. Code, 1922, § 3981, appointment of
directors as liquidating agents of examiner was unnecessary, as
they were already charged with such duty, and direction that they
proceed under sole supervision and control of examiner precludes
idea that examiner was expected to conduct liquidation, and direc-
tors act as liquidating trustees, *virtute officii,* and not as agents of
examiner; hence examiner was not proper party to bring action
against directors for mismanagement.

5. CORPORATIONS—RULE REGULATING ACTIONS BY CREDITORS IN RIGHT
OF CORPORATION IS SAME AS THAT APPLIED TO ACTION BY STOCK-
HOLDERS.—Rule regulating actions by creditors in right of corpora-
tion is same as that applied to action by stockholders.

6. BANKS AND BANKING—CREDITORS OF CORPORATION IN PROCESS OF
LIQUIDATION IN CHARGE OF DIRECTORS NEED NOT ALLEGE APPLICATION
AND REFUSAL BEFORE BRINGING ACTION FOR ALLEGED MISMANAGE-
MENT OF DIRECTORS.—Upon liquidation of bank's affairs under Civ.

Code, 1922, § 3981, directors of bank were charged with duty of liquidation, and creditors bringing action for accounting for damages because of alleged mismanagement and negligence in conducting affairs of bank did not need to allege application and refusal of corporation for redress, since corporation in process of liquidation was moribund, if not dead; and it would have been vain to apply to directors to institute action against themselves.

Before RICE, J., Anderson, September, 1923.   Affirmed.

Actions by S. N. Browne and others against J. D. Hammett and others and against Foster L. Brown and others. From an order overruling a demurrer to the complaint, defendants appeal.

The written demurrer of defendants was as follows:

The defendants jointly and severally demur to the complaint because it appears upon the face thereof:

(1) That the plaintiffs have no legal capacity to *sue*.

(2) That the suit could only be brought by the state bank examiner as plaintiff, and there is no showing of any attempt to have the state bank examiner bring the suit as plaintiff.

(3) That the suit should be brought by the corporation, to wit, the Farmers' & Merchants' Bank as plaintiff, and there is no showing of any attempt to have the suit brought by the corporation or the stockholders, and there is no showing of any effort to have the stockholders or the corporation take any action.

(4) That there is a defect of parties in that the state bank examiner is not made a party.

(5) That there is a defect of parties, in that the corporation, the Farmers' & Merchants' Bank, is not made a party.

(6) That several causes of action have been improperly united, to wit: (a) a cause of action based on the liability of the defendants as directors of the Farmers' & Merchants' Bank to the said bank; (b) a cause of action based on the direct liability of the defendants to the plaintiff, S. N. Browne, and other stockholders of the said Farmers' & Merchants' Bank; (c) a cause of action based on the direct

liability of the defendants to the plaintiffs and other depositors of the Farmers' & Merchants' Bank in inducing them by alleged deceit to deposit their funds with said bank; (d) a cause of action based on the direct liability of the defendants to the plaintiffs and other depositors and creditors for alleged intentional wrongs.

(7) That the complaint does not state facts sufficient to constitute a cause of action against the defendants or any of them, in that (a) it does not set forth any joint right or interest in all the plaintiffs which has been invaded by the defendants or any of them so as to create a liability of the defendants or any of them to the plaintiffs jointly, for the acts and transactions set forth in the complaint; (b) in that it contains no allegations showing or tending to show any attempt to have the state bank examiner bring the suit as plaintiff; (c) in that it contains no allegation showing or tending to show any attempt to have the Farmers' & Merchants' Bank bring said suit; (d) in that it contains no allegations showing or tending to show any attempt or effort to have the stockholders of said bank, or said bank itself, take any action whatsoever.

*Messrs. Watkins & Prince, Greene & Earle* and *Sullivan & Cooley,* for appellants, cite: *State banks in liquidation under control of examiner:* 123 S. C., 1; 115 S. E., 812; Civ. Code, 1922, Sec. 3981. *Usual powers of examiner:* Civ. Code, 1922, Secs. 3977 and 3978. *Directors are liquidating agents of corporations generally:* Civ. Code, 1922, Secs. 4280, 4283. *Actions by bank in hands of receiver:* 82 S. C., 383; 130 N. C., 533; 41 S. E., 793; 29 A. L. R., 1501, note and 1506, note. *When stockholders may bring suit in their own names:* 105 S. C., 524; 82 S. C., 382; 74 S. C., 473; 66 S. C., 100; 60 S. C., 183; 53 S. C., 519; 48 S. C., 80; 39 S. C., 44. *What actions may be joined:* Code Civ. Proc., 1922, Sec. 430. *Directors of bank liable only to bank:* 3 L. R. A. (N. S.), 438; 4 L. R. A. (N. S.), 600; 3 R. C. L., 466 and 470; 35 L. Ed., 669; 1 Michie

on Banks & Banking, 343. *Actions improperly joined:* 121 S. C., 72; 108 S. C., 45; 120 S. E., 723; 97 S. C., 27; 81 S. E., 189; 26 S. C., 480; 26 S. C., 72; 25 S. C., 358; 24 S. C., 39; 16 S. C., 154; 25 A. L. R., 739; 3 L. R. A. (N. S.), 431; 1 Michie on Banks & Banking, 383; 1 C. J., 1096; Pom. Code Remedies, 4th Ed. Sec. 373 and page 215.

*Messrs. Dickson & Miller* and *W. P. Greene,* for respondents, cite: *Actions properly joined:* 94 S. C., 312; 82 S. C., 383; 74 S. C., 473; 4 S. C., 508; Code Civ. Pro., 1922, Secs. 360 and 362. *State banks in liquidation under control of examiner:* Civ. Code, 1922, Sec. 3981. *Cases distinguished:* 105 S. C., 524; 115 S. E., 812. *Usual powers of examiner:* Civ. Code, 1922, Secs. 3977 and 3978. *Directors are liquidating agents of corporations generally:* 107 S. C., 422; Civ. Code, 1922, Secs. 4280-4283; 96 N. E., 415; 232 F., 421. *When dissolution of corporation effective:* Cook on Corporations, Sec. 630, (5th Division). *Voluntary dissolution:* 40 So., 667. *Title to property of dissolved corporation:* 40 So., 669. *Cestui qui trust necessary party to action against trustee:* 60 S. C., 172; 15 S. C., 97. *Bank examiner cannot be sued without consent of State:* 113 S. E., 70; 25 R. C. L., 413. *When actions by stockholders against directors proper:* 82 S. C., 385; 53 S. C., 528.

February 3, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

These two cases involving the same questions were tried in the Circuit Court and in this Court together. For convenience we will consider the first case above entitled; the decision of the points at issue will be conclusive of the appeal in the second case.

The action is by the plaintiffs as depositors of the Farmers' & Merchants' Bank of Anderson, S. C., in behalf of themselves and of all others, stockholders, depositors,

and creditors of said bank, who may come in and seek relief by, and contribute to, the expenses of the suit against the defendants, directors of said bank, liquidating trustees, for an accounting and for damages resulting from their alleged mismanagement and negligence in the supervision and conduct of the affairs of the bank. ·

The complaint contains a detailed statement of the various acts of alleged mismanagement and negligence on the part of the directors, resulting in losses to the bank, amounting to several hundred thousand dollars, and prays that the defendants be required to render an account of their management of the affairs of the bank during its active operation and since the bank was taken over by the bank examiner.

The defendants interposed a demurrer to the complaint upon the grounds stated in the written demurrer, which will be incorporated in the report of the case. The demurrer was overruled by his Honor, Judge Rice, in an order dated December 31, 1923, and from that order the defendants have appealed.

It appears from the allegations of the complaint that on April 25, 1921, the bank was found to be insolvent, and upon that day, at the request of the directors, acting under Section 3981, Vol. 3, Code, 1922, the state bank examiner undertook to "take and retain sole possession and control of the property and business of such corporation for not exceeding thirty days," as authorized by said section; that thereafter, on May 23, 1921, with the consent of the bank examiner, the corporation obtained from the resident Judge of the Tenth Circuit, at Anderson, S. C., an order authorizing the corporation "to liquidate its affairs under the sole supervision and control of the examiner, and subject to the order of the Court," as provided in said section; that thereafter, on May 24, 1921, the bank examiner appointed the defendants (directors of the bank), "liquidating agents and trustees under his supervision and control, as state bank

examiner, to liquidate the affairs of said bank" Complaint, paragraph 2) ; that they have entered upon the discharge of their duties, and have since been engaged in liquidating the affairs of the bank; that as such liquidating agents they have been and are in charge of all the books, records, papers, vouchers, notes, accounts, and evidences of indebtedness as well as other property belonging to the bank.

The appeal may be disposed of by a determination of the single question whether the plaintiffs under the allegations of the complaint, have the right to maintain this action.

The plain interpretation of the complaint is that the mismanagement and negligence of the directors, in the various particulars mentioned, have entained losses, of many thousand dollars to the bank, and that a recovery of the damages so inflicted upon the bank will inure to the benefit of the stockholders, depositors, and general creditors who will be entitled to participate in them. In other words, it is sought to realize, to the corporation, assets for distribution among the depositors and general creditors first, and to the stockholders, should a balance remain.

The right of action against the officers and directors of a corporation, for their negligent and wrongful acts causing loss to the corporation, is one which is vested in the corporation, and can only be enforced by the corporation, or in its right, for the benefit, as an asset, of those lawfully entitled to an interest in the assets of the corporation. 14A Crop. Jur., 149, 1001.

"The right to sue its officers for mismanagement of its affairs, is a right of the corporation; if money be received, it belongs to the corporation." *Du Pont v. Standard Arms Co., 9* Del. Ch., *324; 82* A., *692.*

Ordinarily, the right of action thus vested in the corporation can only be enforced by or, under certain circumstances, in the right of the corporation. The appellants contend that in this case there are two insurmountable obstacles to the maintenance of the action by the

creditors of the corporation: (1) They contend that the proceedings, beginning with the request of the directors, and followed by the delivery of the bank and its affairs to the bank examiner, under the statute, and the order of the Court directing the liquidation of the bank under the sole supervision and control of the examiner, in legal effect constituted him the receiver of the bank, to whom the right of action for damages succeeded; that as a necessary consequence the right of action for redress of the grievances complained of lay in the bank examiner, and not in the individual creditors; (2) they contend that, if their first contention be not sustained, the plaintiffs have not alleged the necessary application to, and refusal by, the corporation to proceed in the matter. We do not think that either contention can be sustained.

As to the first contention that the bank examiner was virtually created a receiver of the bank and that he alone can maintain the action: There are two distinct statutory proceedings which justify the interposition of the bank examiner in the management of the affairs of a bank. They arise from different conditions and effect different results.

Section 3981, Vol. 3, Code, 1922, justifies his interposition upon the request of a majority of the board of directors. His duty then is "to take and retain sole possession and control of the property and business of such corporation for not exceeding thirty days"; within that time the corporation is given by the statute the alternative of resuming business, or, with the consent of the examiner, of applying to the Court for an order "authorizing said corporation to liquidate its affairs, under the sole supervision and control of the examiner, and subject to the order of the said Court."

Section 3985 provides quite a different proceeding. Under it the interposition of the examiner is justified when upon an examination of the bank he finds that it is insolvent or being dishonestly managed. He is directed then, upon consultation with the State Treasurer, and after obtaining

an order from a Circuit Judge to that effect, upon due notice, to take and retain possession of all the assets and property of the bank, and then to apply to the Court to have either himself or some one else appointed receiver, "to wind up and settle the affairs of such bank."

It will be noted that the request by the directors that the examiner take over the bank and its assets, under the statute, is not at all dependent upon the solvency or insolvency of the bank. A bank, entirely solvent, may resort to the relief afforded by the statute.

It is obvious that the status of the corporate assets is quite different under these sections. In the one, while the title to the assets remains nominally in the corporation, the right to the possession of them and the right of disposition is vested in the board of directors as liquidating trustees; in the other, both title and possession, with the right of disposition, and distribution, are transferred to a receiver, to be appointed at the suggestion of the examiner. In the one, the right of action for damages resulting from the mismanagement and negligence of the officers and directors of the corporation vests in the liquidating trustees, to be enforced in the name of the corporation; in the other, it is transferred to the receiver.

As the present status of the case is the result of proceedings under Section 3981, particular attention will be given to it.

Prior to the passage of the resolution of the board of directors, requesting the examiner to take over the bank, and the actual taking over by him, the affairs of the bank were conducted by its executive officers, and a board of directors. After the examiner, in response to this request, took over the "sole possession and control of the property and business of such corporation for not exceeding thirty days," all corporate activities of the corporation were suspended, unless and until during that period the corporation determined to "resume business." If the corporation de-

cided not to resume business, but to accept the other alternative of applying to the Court for an order authorizing it to liquidate its affiairs, "under the sole supervision and control of the examiner and subject to the order of the said Court," and this order was actually obtained, it is clear that the suspension of its corporate activities was not relieved, except in so far as was necessary to effect the liquidation which had been ordered.

There is no definition in Section 3981 of the expression "liquidate its affairs," and there is no method prescribed for accomplishing that object. It must have been the intention of the Legislature that both of these undefined matters should be controlled by the provisions relating to "corporations generally." Section 4250, and following.

In common acceptation the expression "liquidate its affairs" needs no technical definition. Clearly it means to gather in the assets, convert them into cash, and distribute them according to the legal rights of the parties interested. How this result shall be accomplished by the corporation, to which the statute commits the duty, must have been intended to be regulated by the sections of the general law referred to; the only difference in the matter being that the liquidation of banks becomes effective upon the order of the Court under Section 3981, while that of corporations generally, upon the vote of the stockholders, under Section 4280. Turning then to the provisions affecting corporations generally, Section 4282 provides that "upon the dissolution" of a corporation the directors shall be trustees thereof "with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders after paying its debts." Inasmuch as there can be no dissolution of the corporation "until the affairs of the corporation have been liquidated" (*Henry v. R. Co.,* 104 S. C., 478; 89 S. E., 480), and as the powers thus vested in the affairs of the corporation, it is manifest that the expres-

sion in the statute "upon the dissolution" of a corporation does not mean after the dissolution may have been completed, but should be construed as if it had read "upon compliance with the provisions of Section 4280"; that is, after it had been legally determined to liquidate and wind up the affairs and dissolve.

So, applying Section 4282 to Section 3981, upon the passing of an order, with the consent of the examiner, authorizing the corporation to liquidate its affairs, the directors of the bank became, *ipso facto,* liquidating trustees of the banking corporation, with all the rights, powers, and duties conferred by Section 4282. They in fact were vested with the title to all of the assets of the bank, for the powers conferred upon them are consistent only with the title. They had the right to the possession of them; the right to collect the debts; the right to sell and convey the property; the right and duty to pay the debts and distribute the net proceeds; and they had the power to "meet and act under the by-laws of the corporation." They had also, under Section 4283, the authority to sue for and recover the debts and property "by the name of the corporation." The corporation by these necessarily exclusive provisions was completely stripped of every power, right, and activity as a corporation. As is said by the Court in the case of *Matthews v. Bank,* 60 S. C., 183; 38 S. E., 437:

"When the Bank of Allendale, in the year 1896, through its stockholders was placed in liquidation, it ceased to be any longer a going concern,"

—and the Court appropriately refers to its "death, so to speak."

It is true that the liquidation by the directors as trustees is directed to proceed under the "sole supervision and control of the examiner." This by its terms necessarily precludes the idea that the examiner was expected to conduct the process of liquidation. Neither the right of possession nor the title to the assets of the corpora-

tion is vested in him.   He is simply a supervisor and director of the process of liquidation.   Any disagreements or matter of policy in controversy between the trustees and the examiner are to be settled judicially in the proceeding in which the order for liquidation was obtained.   This is the section under which the present status was created.   The appointment of the directors as liquidating agents of the examiner was entirely unnecessary, as the directors in the liquidation by the corporation were already charged with that duty.   There is nothing in the statute which requires such appointment, and notwithstanding it, they are acting as liquidating trustees, *virtue officii,* and not as agents of the examiner, though subject to his supervision and control.

As to the second contention that the plaintiffs have not alleged the necessary application to, and refusal by, the corporation to proceed in the matter.   The rule regulating actions by the creditors in the right of the corporation is the same as that applied to actions by stockholders.

As is said in 14A Corp. Jur., 191:

"After insolvency and on refusal of the corporation to act, creditors may sue in the right and on behalf of the corporation to enforce its cause of action against officers or directors who are guilty of misfeasance or malfeasance"— citing *Boyd v. Mutual Fire Ass'n of Eau Claire,* 116 Wis., 155; 90 N. W., 1086; 94 N. W., 171; 61 L. R. A., 918; 96 Am. St. Rep., 948.   *Land Co. v. Connolly,* 233 Pa., 1; 81 A., 903.

See, also, *Boyd v. Schneider,* 131 F., 223; 65 C. C. A., 209; 3 R. C. L., 467.

As to actions by stockholders the rule is thus expressed in *Wenzel v. Brewing Co.,* 48 S. C., 80; 26 S. E., 1:

"Further, before a stockholder can maintain a suit in these exceptional cases, he must show that he has endeavored to get redress of his grievances within the corporation, or he must show facts which would justify a Court

in concluding that an effort for redress within the corporation would be unavailing."

In *Stahn v. Catawba Mills,* 53 S. C., 529; 31 S. E., 498, it is said:

It is also a well-established rule that an application for redress within the corporation, and refusal, need not be alleged, if it be shown that the directors or managing board are themselves the wrongdoers."

See, also, *Sigwall v. Bank,* 82 S. C., 385; 64 S. E., 398, and cases cited.

The plaintiffs have brought themselves fairly within this rule. Ordinarily they should have applied to the board of directors, acting as liquidating trustees. That manifestly would have been unavailing, as the directors were the officers against whom the charges of mismanagement and negligence were being made.

It would have been fruitless to have made application to the corporation, for the reason that the corporation was moribund, if not dead. The effect of the order directing the corporation to liquidate its affairs was instantly to congeal all corporate action, to paralyze its activities. It could not, if it would, afford any relief, for the order directed the liquidation under "the sole supervision and control of the examiner."

Besides, as we have endeavored to show, the title to all the assets, and the exclusive right to sue for a recovery of a disputed asset (as here), were vested in the directors as liquidating trustees. It certainly would have been a vain and useless thing for the plaintiffs to have applied to them to institute proceedings against themselves.

The decree of his Honor, Judge Rice, sufficiently answers the remaining objections interposed by the demurrer of the defendants.

The judgment of this Court is that the order of the Circuit Court overruling the demurrer of the defendants in each of the cases above stated be affirmed.

MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.