12627

FANT *ET AL.* v. BRISSEY *ET AL.*

(147 S. E., 632)

16

18

20

*Messrs. W. T. Allen,* and *Watkins & Prince,* for appellants,

*Mr. S. M. Wolfe,* for respondents,

April 3, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, L. E. Croft, Special Judge, overruling a demurrer by the defendants to the complaint.

The action was originally instituted by the plaintiffs, to recover from the directors of the closed People's Bank of Anderson balances due by it, as trustee of Davis Fant and as trustee of Prue Fant. The ground of alleged liability was irregularities in loans of the funds of the trust estate, to Lee G. Holleman, then president of the bank.

Upon a former appeal (143 S. C., 264, 141 S. E., 450), it was held that the complaint was demurrable upon the ground of a misjoinder of separate and distinct causes of action; the one involving a tort against the trust estate of which Davis Fant was beneficiary, and the other involving a tort against the trust estate of which Prue Fant was beneficiary. The judgment of this Court was that the order overruling the demurrer be reversed, and that the case be remanded to the Circuit Court, with leave to the plaintiffs to amend their complaint by striking out one of the alleged causes of action and to proceed by a separate action upon the other. Accordingly, the plaintiffs amended their complaint, and elected to retain the cause of action in favor of the trust estate, affecting the interest of Davis Fant beneficiary, and to bring a separate action in favor of the trust estate affecting the interest of Prue Fant beneficiary.

The defendants have demurred to the complaint upon the following ground: "That the Complaint does not state a cause of action in that while plaintiffs seek to enforce an alleged liability of the defendants for their sole benefit, any right of action against the defendants arising out of the acts of negligence and wrong doing alleged in the complaint is one which is vested in People's Bank of Anderson, S. C., or its Receiver, and can only be enforced by said corporation or in its right for the benefit of all those lawfully entitled to an interest in the assets of said corporation."

There can be no controversy as to the proposition that a cause of action against the directors of a bank for *losses to the bank,* as a result of the negligent mis-

management of the affairs of the bank by the directors, lies in the corporation, as an asset of the corporation, and that a creditor of the bank can sue only in the right of the corporation, after having taken the necessary steps to induce action by the officers of the corporation.

That doctrine is clearly announced in the case of *Browne v. Hammett,* 133 S. C., 446, 131 S. E., 612.

A distinction, however, is palpable between such a cause of action and one which is inherently a personal claim of a creditor on account of wrong *done to him, not to the corporation.* The distinction is clearly developed in the case of *Killen v. Barnes,* 106 Wis., 546, 82 N. W., 536: "There are numerous cases where the distinction has not been clearly recognized, if at all, between a wrong to a depositor of a bank committed by its officers, for which they are personally liable directly to such depositor on the ground of deceit, and a wrong by such officers to the corporation for which they are liable to such corporation and through it to the creditors. *Delano v. Case,* 121 Ill., 247, 12 N. E., 676 [2 Am. St. Rep., 81], is a good specimen of such cases."

We think that in the present case the cause of action set out in the complaint is one involving a personal wrong to the trustees of the particular trust estate of which Davis Fant is beneficiary. It consists in the alleged negligent conduct of the defendants in authorizing a loan from the bank as trustee of the fund at that time, in which Davis Fant was beneficiary. In this cause of action the bank as a corporation has no interest. If it should be allowed to recover from the directors the money which they unlawfully authorized Holleman as president to lend to himself out of the trust estate, it would naturally inure to the benefit of the trust estate. The circumambulation of requiring a suit to be brought in the right of the corporation, to recover a fund immediately upon recovery to be turned over to the present trustees, appears entirely unnecessary.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.