**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**AMERICAN BANK TRUST SHARES, INC. (ABTS), et al., Defendants.**

**Civ. A. No. 74–1782.**

United States District Court,
D. South Carolina,
Charleston Division.

April 26, 1976.

---

Harold W. Jacobs, Columbia, S. C., for American Bank & Trust Shares.

Henry Hammer, Columbia, S. C., Lawrence M. Gressette, Jr., St. Matthews, S. C., for Marshall B. Williams, Douglas R. Bryant, Sr., Dr. James H. Gressette, Jack C. Vallentine, Luther H. Adden, Jr., Augustus T. Allen.

Douglas McKay, A. L. Moses, Columbia, S. C., for H. Ciremba Amick.

Charles W. Wofford, C. T. Wyche, Greenville, S. C., for Howard Lamar, Harry Parker and Albert Odom.

Jeter E. Rhodes, Jr., Thomas E. McCutchen, Columbia, S. C., Terry E. Richardson, Jr., Barnwell, S. C., for Robert B. Fickling.

Charles H. Gibbs, Charleston, S. C., Edward Bransilver, Myers N. Fisher, J. Craig Gilliland, Washington, D. C., and J. R. Pelzer, Columbia, S. C., for F.D.I.C.

William F. Able, Columbia, S. C., for Jimmy L. Martin.

Heyward E. McDonald, Columbia, S. C., for William F. Lambert.

W. Eugene Rutledge, Birmingham, Ala., James D. Pruett, Gadsden, Ala., deRosset Myers, Charleston, S. C., W. Stancil Starnes, Starnes, Starnes & Reddoch, Birmingham, Ala., for Sidney Robinson Bagby, and others.

Francis T. Draine, Columbia, S. C., for Carl Joe Taylor & Class in State Court Action and Sadie G. Schein.

Kermit S. King, Donald W. Tyler, Columbia, S. C., for Forrest K. Abbott.

C. Tolbert Goolsby, Jr., Asst. Atty. Gen. for S. C., Karen LeCraft Henderson, Columbia, S. C., for S. C. Board of Bank Control and Robert C. Cleveland.

Edgar A. Neely, III, Atlanta, Ga., Thomas A. Player, Columbia, S. C., for William H. Moore, Jr.

James B. Richardson, Jr., Columbia, S. C., for Scott M. Waldron.

J. Buford Grier, Rock Hill, S. C., for Banks H. Good, Dick Gregg McTeer, W. H. Grier, Sr., and J. W. Wall, Jr.

Bachman S. Smith, III, Charleston, S. C., for Lloyd I. Hendricks.

Jimmy W. Grimes, Columbia, S. C., for Paul M. Thomas.

Rudolph C. Barnes, Columbia, S. C., C. B. Rogers, Atlanta, Ga., for J. W. Hunt.

W. Duvall Spruill, Columbia, S. C., for Insurance Company of North America.

Frank K. Sloan, Columbia, S. C., for R. Trippett Boineau.

J. Frank Looper, Florence, S. C., for First Provident Corporation of South Carolina.

Augustine T. Smythe, Charleston, S. C., for Union America, Inc.

Claude M. Scarborough, Jr., Columbia, S. C., for Grady Wade.

Charles N. Plowden, Jr., Columbia, S. C., Trammell E. Vickery, Jones, Bird & Howell, Atlanta, Ga., for Price Waterhouse & Co.

James P. Craig, Columbia, S. C., for William H. Southworth.

Joseph R. Young, Charleston, S. C., for American Bank Trust Shares, Inc., and American Mortgage Corporation.

Stancel E. Kirkland, West Columbia, S. C., for Ted O. McGee.

Keith B. Belser, pro se.

Augustine T. Smythe, Charleston, S. C., for Harbor Insurance Company.

ORDER

SIMONS, District Judge.

Pursuant to due notice to all parties in this action, a hearing was held in Aiken, South Carolina, on April 5, 1976. The hearing was on the following motions:

1. Motion to Dismiss by defendant Schein;

2. Motion for Summary Judgment by plaintiff, Federal Deposit Insurance Corporation;

3. Motion for Summary Judgment by "Bagby Defendants"; and

4. Motion for Discovery by "Bagby Defendants".

After reviewing the Motions and accompanying briefs and considering arguments of counsel, this court finds as follows:

1. Federal Deposit Insurance Corporation (FDIC) instituted this action on November 6, 1974, against defendant American Bank Trust Shares, Inc. (ABTS). By virtue of its purchase from the Receiver of American Bank & Trust (AB&T) of all causes of action for harm or wrong done to AB&T, FDIC in this action seeks a declaratory judgment generally to the effect that it owns all such causes of action.

2. Shortly thereafter, the defendant Carl Joe Taylor, suing individually and on behalf of all shareholders of ABTS, brought as plaintiff an action in state court against the defendants Lamar, Amick, Lambert, Parker, Good, Allen, Bryant, Fickling, Gressette, McTeer, Vallentine, Williams, Wall, Odom, Grier and Adden, all Directors of either ABTS or AB&T. This court ordered that the defendant Taylor and his class be made a party to this action, and all proceedings in the state court were stayed. Subsequently, the *Taylor* action in state court was dismissed by the plaintiff.

3. In March, 1975, the defendants Bagby, Bryan, Dwyer, Estate of Ryan, Smith, Getsinger, W. F. Wall, Hightower, Preacher, Purdy, Carroll, H. Wall, Martin, Jarrell, J. W. Wall and Nimmer, suing derivatively on behalf of ABTS, and on behalf of themselves and all other stockholders similarly situated, brought as plaintiffs an action against various officers and directors of ABTS and/or AB&T in the United States District Court for the District of South Carolina, Charleston Division, Civil Action No. 75–401. The plaintiffs in that civil action seek a money judgment against the defendant officers and directors based on mismanagement of AB&T and violations of various federal securities laws. The plaintiffs also seek a money judgment against FDIC and certain declaratory relief. The plaintiffs in that action were made parties defendant in this action and are referred to herein as "Bagby Defendants". Various orders have been issued in that case, including a stay order, an order refusing a three-judge court, an order concerning discovery, and an order denying monetary damages against FDIC. Certain appeals have been taken by the Bagby defendants in that action which were dismissed or abandoned. That action presently is stayed pending a final determination in this action.

4. In March, 1975, the defendant Schein, individually and on behalf of all other subordinated capital noteholders of AB&T, brought as plaintiffs an action against directors of AB&T in state court, alleging fraud and deceit by those defendants in inducing plaintiff and the other note holders to purchase such capital notes. The defendant Schein and her class were subsequently ordered to be made parties defendant in this action, and further proceedings in their state court action were stayed.

5. The motion of Bagby defendants to compel additional discovery relevant to the issue of ownership of causes of action is denied on the ground that discovery on that issue has been available by Order of this court since January 9, 1976. Bagby defendants have not made any effort to pursue discovery under that Order. Their motion coming at a time when this court is prepared to rule on the various motions to dismiss and for summary judgment comes too late and is therefore denied.

6. This court takes judicial notice of the fact that AB&T was closed on September 20, 1974, and FDIC was appointed Receiver for AB&T by the state court. FDIC, the corporation, entered into a purchase agreement with FDIC, the Receiver, on that same day whereby FDIC, the corporation, purchased, among other assets, all claims and causes of action whatsoever belonging to the receivership. The agreement, which was approved by the Court of Common Pleas for Charleston County, expressly transferred from FDIC, the Receiver, to FDIC, the corporation, all claims against directors, officers, employees of AB&T and ABTS, arising out of the non-performance or manner of performance of their duties

which resulted in any damage or harm to AB&T.

■ 7. It is well settled under South Carolina law, as well as the law of other jurisdictions, that causes of action for losses sustained because of the mismanagement and negligence of directors, officers, and employees of a bank belong to the bank itself, and not to the stockholders or creditors; and in the event of its liquidation, such causes of action are vested in its receiver; and may be conveyed and sold as any other asset. *Fant v. Brissey,* 150 S.C. 15, 147 S.E. 632 (1929) (suit by creditors); *Gary v. Matthews,* 148 S.C. 125, 145 S.E. 702 (1928) (suit by shareholders); *Browne v. Hammett,* 133 S.C. 446, 131 S.E. 612 (1926); *Equitable Trust Co. v. Columbia National Bank,* 145 S.C. 91, 142 S.E. 811 (1928); *Stewart v. Ficken,* 151 S.C. 424, 149 S.E. 164 (1929); *Branchville Motor Co. v. Adden,* 158 S.C. 90, 155 S.E. 277 (1931); *Traynham v. Smith,* 158 S.C. 249, 155 S.E. 428 (1930); *Daniels v. Berry,* 148 S.C. 446, 146 S.E. 420 (1928).

■ As the South Carolina Supreme Court stated in *Fant v. Brissey, supra,* at 147 S.E. 635:

There can be no controversy as to the proposition that a cause of action against the directors of a bank for *losses to the bank,* as a result of the negligent mismanagement of the affairs of the bank by the directors, lies in the corporation, as an asset of the corporation, and that a creditor of the bank can sue only in the right of the corporation, after having taken the necessary steps to induce action by the officers of the corporation.

That doctrine is clearly announced in the case of *Browne v. Hammett,* 133 S.C. 446, 131 S.E. 612.

■ FDIC, the corporation, duly purchased for value any cause of action of AB&T from FDIC, the Receiver. *Brown v. New York Life Ins. Co.,* 152 F.2d 246 (9th Cir. 1945), is dispositive of the propriety of such a sale. In that case the FDIC purchased for value, by an express contract with the bank involved, causes of action against bank employees and officials. At 152 F.2d 248–249, the opinion states:

Among the assets so purchased by and assigned to the FDIC was the Bank's claim against Brown which was founded on the loss sustained by the Bank by reason of Brown's speculations while an employee, officer and director of the Bank. FDIC acquired its cause of action herein as a purchaser for value by express contract with the Bank. . . . [W]hatever right of action the FDIC acquired, it acquired through this purchase and assignment. We view this a transaction for value, and so hold.

Sections 8–274 and 8–276, *South Carolina Code* (1962, as amended) and 12 U.S.C.A. Section 1823(a) provide additional authority for the propriety of the purchase of the instant property rights, *i. e.,* the causes of action, by FDIC, the corporation, from FDIC, the Receiver.

8. The Schein defendants have made a motion to dismiss this action upon the ground that they have a personal, direct, and non-derivative action against certain defendants as directors of AB&T in their state court action.

These defendants in their complaint allege a cause of action based upon fraud and deceit of defendants therein in the inducement of the plaintiff noteholders to purchase such capital notes.[1]

---

1. Paragraph nine of their complaint alleges the nine elements required to establish fraud and deceit under South Carolina law, which is quoted as follows:

That the Plaintiff is informed and believes that an act of fraud and deceit was committed upon her and upon those other members of the public who purchased the capital notes of American Bank & Trust, which fraud and deceit was perpetrated by the Board of Directors of American Bank & Trust at the time of the sale of the said capital notes; that the fraud and deceit was manifested in the following particulars: the Board of Directors represented that the said capital notes were secured by certain reserve funds which were

Based on the allegations of the complaint, these plaintiffs have set forth the proper elements of a cause of action for fraud and deceit which they allege was committed against them personally and directly, which, if true, would give rise to a cause of action in their favor and which would not be derivative, or owned by FDIC, the Corporation. They therefore should be permitted to pursue their action based on fraud and deceit in the inducement, at a proper time. The FDIC, the Corporation, asserts that the plaintiff's cause of action is based on a statement (see Note 1) in the capital notes to the effect that the directors had passed a resolution making provision for the setting up of a reserve fund to retire the capital notes, which fund in fact was never established; and that any cause of action for failing to implement the resolution belongs to FDIC, since the failure to establish such a reserve fund constituted an act of mismanagement on the part of officer and director defendants, with resulting harm to AB&T.

■ There is no question about the fact that the subordinated capital noteholders own any cause of action against FDIC, the Receiver of AB&T, based on the contractual obligation evidenced by the subordinated capital notes. The subordinated capital noteholders also have a direct cause of action based upon alleged fraud and deceit involved in their purchase of the capital notes themselves. The FDIC, the Corporation, owns any cause of action for harm done to AB&T as a result of the officers' and directors' failure to fulfill the obligations set forth in the subordinated capital notes with respect to the establishment of a reserve.

The subordinated capital notes, by their terms, were subordinate to the obligations of AB&T to its general creditors. FDIC, the Corporation, stands in the shoes of the general creditors of AB&T, and claims priority both as to proceedings against the officers and directors, and as to payment out of their available assets, including any liability insurance which may be available.

■ The court is presently inclined to agree and directs that FDIC shall proceed first, and as promptly as reasonably possible, in enforcing and recovering on all of its claims and causes of action. The Schein defendants shall not proceed to trial in the state court on its fraud and deceit cause of action until the further order of this court. The court is presently also of the view that FDIC is entitled to a priority over subordi-

---

set aside against payment of the said notes; said representation was false because no reserve funds had been set aside for repayment; the representation was material and induced the plaintiff and the public to purchase the said notes; the Board of Directors knew of the falsity of the representation, or were careless and reckless in failing to ascertain the correctness of the representation; the Defendants intended for the Plaintiff and the other purchasers to act upon the said representation; the Plaintiff and the other purchasers purchasers (sic) were ignorant of the falsity of the representation; the Plaintiff and the other purchasers relied upon the truth of the representation; the Plaintiff and the other purchasers rightfully relied upon the representation and had no reason to believe that the representation was false; and the Plaintiff and the other purchasers have been damaged as a direct and proximate consequence of the false representation made by the Board of Directors.

The court notes that this complaint alleges that a reserve fund to secure such notes *had* already been set aside by AB&T at the time of the purchase of these notes by the plaintiff.

The capital notes themselves contained a provision on their face to the effect that "The resolution of the bank's directors under which this note is issued provides for certain reserves against payment of this note and all others like it."

The court is informed that such a reserve fund was never created or funded by AB&T and any such failure on the part of the officers and directors would be an act of mismanagement, and any cause of action resulting therefrom would now belong to FDIC, the Corporation. Thus, if the Schein plaintiffs are relying alone on this provision contained in the notes, rather than specific false representations that such a fund *had already been established* when they purchased the notes, they would have no cause of action for fraud and deceit. As the court understands South Carolina law, a promise to do something in the future is not sufficient to give rise to such a cause of action. There must be a false representation as to an existing fact.

nated capital noteholders with respect to any recovery from directors and officers, and any policy insuring said persons. As a general rule, equity prefers the claims of innocent general creditors over the claims of shareholders or subordinated creditors deceived by officers of the corporation. *E. g., Carter v. Bogden*, 13 F.2d 90 (8th Cir. 1926). However, before making a final determination on this point, the court at a proper time will give all parties an opportunity to be heard on the issue of priority of the disbursement of funds recovered by any party.

■ 9. The Schein defendants, both in their original complaint in their state court suit and their counterclaim in this action, have alleged numerous acts of mismanagement on the part of officers and directors of AB&T and/or ABTS. To the extent such causes of action are for harm done to AB&T, FDIC, the Corporation, is the owner of, and sole party entitled to assert, such causes of action.

■ The Bagby defendants also have set forth claims based upon numerous alleged violations of federal securities laws by officers, directors and other agents of ABTS and/or AB&T. These claims have not been alleged with any degree of specificity and they may want to amend their pleadings. However, any causes of action based upon any alleged federal securities law violations, other than a cause of action pursuant to Section 16(b) of the Securities and Exchange Act of 1934, belong to the shareholders themselves, and they will be permitted by the court to pursue these actions at a proper time.

■ FDIC alleges, and the court presently agrees, that the claims of shareholders, like those of the subordinated capital noteholders, are subordinate to the claims of the general creditors of AB&T, including FDIC, the Corporation. Therefore, the court feels that the Bagby defendants should not proceed to trial on their causes of action based upon alleged violations of the Federal Securities Laws until the lawsuits brought by FDIC, the Corporation, against the officers, directors and employees of AB&T and/or ABTS for harm done to AB&T have been disposed of. Even though the court is of the present view that the general creditors, including FDIC, the Corporation, have priority in the distribution of any funds recovered by FDIC, nevertheless, the Bagby defendants and/or the Schein defendants will be given the opportunity at a proper time to be heard as to the equitable distribution of such funds.

The court is mindful of the fact that no defendant, including the Bagby defendants or the Schein defendants, have availed themselves of the opportunity left open by this court to challenge in the state courts the legality of the transaction whereby FDIC purchased causes of action belonging to AB&T from the Receiver of AB&T which was approved by the state court. Neither have they pursued the court's suggestion that the legality of the appointment of FDIC, as Receiver of AB&T by the state courts, be contested in the state court.

The stay heretofore imposed on the Bagby defendants enjoining them from proceeding to try their claims should be continued until the further order of this court. However, they have the court's permission to proceed with reasonable discovery relevant to their causes of action arising under the securities laws of the United States. The Schein defendants may also proceed with discovery in reference to their cause of action based upon fraud and deceit.[2]

---

**2.** The court realizes that the defendants in all of the FDIC's, the Bagby defendants' and the Schein defendants' causes of action will involve to a great extent the same people. For that reason the court is concerned that its permitting the discovery in all cases simultaneously may likely prove burdensome and oppressive to the defendants. For this reason the court expects all counsel to coordinate their discovery efforts, and schedule the same in such manner that discovery procedures will not be duplicated and will proceed in a reasonable manner. All counsel should be kept advised of the discovery engaged in by other counsel, so that they may participate in depositions, etc., if they care to do so, in order to eliminate any unnecessary duplications or repetitious discovery.

The Bagby defendants as plaintiffs in their alleged class action have not fully complied with FRCP 23 and/or FRCP 23.1, and the court desires that they do so promptly before they proceed any further on the basis of a class action. The court believes that time, effort and expense may well be saved if the Carl Joe Taylor class and the Schein class participate with the Bagby class in meeting the requirements of FRCP 23 and/or FRCP 23.1.

The court is retaining jurisdiction over all the parties herein and will supervise an orderly processing of all claims asserted by any parties. The court expects the FDIC to move ahead immediately under the authority granted by this Order. Any party who considers himself aggrieved by any action taken pursuant to this Order may apply to the court for a hearing, or a protective order, if supported by a proper affidavit.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that:

(a) The Motion of Bagby defendants for Discovery as to who owns what causes of action is hereby denied.

(b) FDIC's Motion for Summary Judgment is granted, and it is concluded that FDIC is the owner of all causes of action for harm done to AB&T, including harm done by employees, officers and directors of AB&T and ABTS in their employment with or management of AB&T. FDIC, as a representative of general creditors, is directed to initiate all proper causes of action against such employees, officers, and directors as soon as reasonably practicable. The actions by FDIC as a representative of general creditors shall be brought to trial as soon as practicable, and before the trial of any causes of actions by the Bagby and Schein defendants.

(c) The Schein defendants' Motion to Dismiss is denied, and they shall remain parties to this action. The Schein defendants own all rights and obligations of capital noteholders of AB&T as evidenced by the subordinated capital notes and they may proceed to judgment at any time against AB&T's Receiver. These defendants also own personally any action for alleged fraud and deceit against the officers and directors of AB&T and ABTS arising out of the purchase of the subordinated capital notes. The Stay in effect with respect to their action in state court is lifted effective ten (10) days from the date of this Order, insofar as discovery is concerned, but they shall not proceed to trial until further order of this court.

(d) The Bagby defendants' Motion for Summary Judgment is granted in part, as the court concludes that they are the owners of all causes of action based upon alleged federal securities law violations, with the exception of any claim based upon Section 16(b) of the Securities and Exchange Act of 1934. The Stay in effect with respect to discovery proceedings in Civil Action No. 75–401 is lifted effective ten (10) days from the date of this Order, but the Bagby defendants shall not proceed to trial with any of their claims until further order of this court.

(e) All parties who have not filed a responsive answer or other pleading required by the Federal Rules as to any pending cause of action shall have thirty (30) days from the date of this order to file such pleading.

AND IT IS SO ORDERED.