### HERNLEN *ET AL.* v. VANDIVER *ET AL.*

#### (143 S. E., 222)

1. BANKS AND BANKING—DIRECTORS OF BANK ON COURT'S ORDER FOR LIQUIDATION BECAME "LIQUIDATING TRUSTEES" WITH TITLE TO BANK'S PROPERTY AND RIGHT TO COLLECT ITS DEBTS (CIV. CODE 1922, §§ 3981, 4282, 4283).—Where bank with consent of examiner obtained order authorizing it to liquidate its affairs under the supervision of the examiner, under Civ. Code 1922, § 3981, directors of bank immediately on passage of the order became *ipso facto* "liquidating trustees" of the banking corporation, with all rights, powers, and duties conferred by Section 4282, and were vested with title to bank's assets with right to possession, and right to collect and pay debts and sell and convey bank's property, under Section 4283; corporation being completely stripped of every power as corporation.

2. BANKS AND BANKING—DEPOSITORS HELD NOT PRECLUDED FROM MAINTAINING INDEPENDENT ACTION AGAINST DIRECTORS OF BANK FOR MISMANAGEMENT DURING BANK'S LIQUIDATION (CIV. CODE 1922, §§ 3981, 4282, 4283).—Depositors *held* not precluded from maintaining independent action against bank directors in behalf of themselves and other creditors of bank in liquidation for an accounting for alleged mismanagement by Civ. Code 1922, § 3981, limiting action or proceeding against the corporation or its stockholders to cause in which order of liquidation was granted, since action was not against corporation or its stockholders, under Sections 4282, 4283, but was in the interest of both, where liquidation of corporation had been authorized and corporation placed under control of examiner.

3. BANKS AND BANKING—COMPLAINT BY DEPOSITORS AGAINST DIRECTORS OF BANK IN LIQUIDATION FOR ACCOUNTING AND DAMAGES FOR MISMANAGEMENT HELD TO STATE SINGLE CAUSE OF ACTION (CIV. CODE 1922, §§ 3981, 4282, 4283).—Complaint by depositors in behalf of themselves and other creditors of bank against directors as liquidating trustees after placing of bank in examiner's hands, under Civ. Code 1922, §§ 3981, 4282, 4283, to secure accounting and damages for alleged mismanagement and negligence in supervision and conduct of bank's affairs, *held* not to involve improper joinder of several causes of action; single cause being stated with specifications.

4. BANKS AND BANKING—DEPOSITORS HELD ENTITLED TO MAINTAIN, IN BEHALF OF THEMSELVES AND OTHER DEPOSITORS AND STOCKHOLDERS,

ACTION AGAINST DIRECTORS OF BANK IN LIQUIDATION FOR DAM-
AGES FOR MISMANAGEMENT (CIV. CODE 1922, §§ 3981, 4282, 4283).—
Depositors *held* entitled to maintain action for accounting and
damages against directors of bank in liquidation under examiner's
control, pursuant to Civ. Code 1922, §§ 3981, 4282, 4283, on behalf
of themselves and other stockholders and depositors and creditors
of bank, without further allegation of joint interests of plaintiffs,
since purpose of suit was to realize to the corporation assets for
distribution among depositors and stockholders.

Before FEATHERSTONE, J., Anderson, March, 1927. Af-
firmed.

Action by Mrs. E. B. Hernlen and others against E. P.
Vandiver and others. From an order overruling a demur-
rer of the defendants to the complaint, defendants appeal.

The complaint, demurrer, decree, and exceptions (omit-
ting Exceptions 2, 3, 6, and 7, and Grounds of Demurrer
2 and 3, which were abandoned at the hearing) are as fol-
lows:

### COMPLAINT

*State of South Carolina, County of Anderson, Court of*
*Common Pleas*

Mrs. E. B. Hernlen, J. Reed Fowler, W. O. Kay, Mrs.
Charles F. Spearman, Mrs. Lazelle W. Spearman, Ad-
ministratrix, Pat T. Haynie, J. A. McAllister, and
J. E. Bowie, as Depositors and Stockholders of the
People's Bank of Anderson, in Behalf of all Deposit-
ors, Stockholders, and Creditors of the People's Bank
of Anderson, S. C., Plaintiffs, v. E. P. Vandiver, C. C.
Jones, B. A. Henry, W. L. Brissey, W. H. Tucker,
Fulmer Watson, J. J. Smith, and H. H. Watkins, in
Their Own Right and as Directors of the People's
Bank of Anderson, Defendants.

The plaintiffs above named, under the provision of Sec-
tion 362 (Section 9), Code of Civil Procedure 1922, Vol.
1, bring this action for the benefit of themselves and all
other stockholders, depositors, and creditors of the People's
Bank of Anderson, S. C., who number more than 450, and

it being impracticable to bring the same before the Court, and allege:

(1) That the People's Bank of Anderson is, and was at the times hereinafter stated, a corporation organized and existing under and by virtue of the laws of the State of South Carolina, with its principal place of business at Anderson, in said State, and that at the times hereinafter mentioned and up to the 4th day of January, 1923, the said corporation was doing a general banking business at Anderson, in said State, and as such received deposits of money, loaned money, discounted notes, and other evidences of indebtedness, bought and sold exchange, and did the general business of a bank of deposit, loan, and discount.

(2) That the capital stock of said bank amounted, under its charter and in fact, to two hundred thousand ($200,-000.00) dollars, divided into four thousand (4,000) shares of the par value of fifty ($50.00) dollars per share, which aggregate sum was in due time subscribed and paid in and the said number of shares duly issued to its subscribers, and the plaintiff, J. Reed Fowler. held twenty-nine (29) shares, aggregating one thousand, four hundred and fifty ($1,450.-00) dollars, and was the owner of said shares of stock on January 4, 1923.

(3) That for many years after its organization in 1899 the said People's Bank of Anderson was well managed and prosperous, so much so that it stated and represented to the public it had accumulated a surplus of seventy-five thousand ($75,000.00) dollars, making the entire net worth of said People's Bank the sum of two hundred and seventy-five thousand ($275,000.00) dollars.

(4) That for several years last past and up to January 4, 1923, E. P. Vandiver, C. C. Jones, B. A. Henry, W. L. Brissey, W. H. Tucker, Fulmer Watson, J. J. Smith, and H. H. Watkins were directors of said bank, and all were men of prominence in public affairs, being connected with large business, and having the confidence of the public, and,

on account of their prominence in public affairs and their reputation as successful business men, they inspired confidence in the public and induced these plaintiffs to have large business transactions with the said bank.

(5) That on the 21st day of June, 1921, Lee G. Holleman, president and director, died by his own hands, and E. P. Vandiver was elected as president, C. C. Jones, cashier, and continued so to act along with his co-directors until January 4, 1923.

(6) That the officers of the said bank with the advice, consent, and acquiescence of the defendants, as directors, constantly advertised that the bank was in sound financial condition; and by its published reports for the years 1921, 1922, 1923, claimed to have a surplus of seventy-five thousand ($75,000.00) dollars, thereby adding to the confidence of the public, and reputation for the skillful management of the said bank, and thereby inviting and inducing members of the public, including these plaintiffs, to have business dealings with the said bank, and hold stock and make deposits in said bank.

(7) That for several years prior to January 4, 1923, Lee G. Holleman had held the office of president of said bank and H. H. Watkins had held the office of vice president and E. P. Vandiver, cashier, and T. S. Bannister had held the office of assistant cashier of said bank, each having been elected to such position by the directors of the People's Bank of Anderson, and held out by the directors, including these defendants, as men capable of performing all the duties of the several positions to which they had been elected and as worthy of the confidence and public trust of members of the public.

(8) That by reason of the facts stated, many persons were induced to deposit large amounts of money in the said bank, some payable on demand, and some on time certificates of deposit, and other persons were induced to purchase paper from said bank upon its indorsement and guar-

anty of payment and otherwise to do business with the said bank, the total amount of its deposits on January 4, 1923, being nine hundred forty thousand, three hundred eighty and 50/100 ($940,380.50) dollars, and of said sum these plaintiffs had on deposit:

1. Mrs. E. B. Hernlen.....................$ 8,489.54
2. J. Reed Fowler .......................... 4,548.83
3. W. O. Kay .............................. 16,874.43
4. Mrs. Charles F. Spearman ............... 3,958.07
5. Mrs. Lizella W. Spearman, Administratrix.. 3,304.25
6. Pat T. Haynie .......................... 9,000.00
7. J. A. McAllister ........................ 5,600.00
8. L. E. Bowie ............................ 3,449.70

      Total ...........................$55,124.82

(9) That as a result of the negligent, willful, and wanton acts of the defendants as directors of said bank 36 persons were allowed to check out of said bank thousands of dollars beyond the total amount of their deposits, to wit, seventeen thousand, eight hundred sixty-nine and 02/100 ($17,-869.02) dollars, more than one-twelfth of the entire capital stock, and that many of the overdrafts so referred to had been of long standing, and that many of the persons so overdrawing had no property out of which the said overdrafts could be collected.

That many of the said overdrafts were unsecured and many with inadequate security, and as a result a large amount of the assets of said bank was lost and dissipated, the exact amount of which is unknown to the plaintiffs in this action and can only be ascertained by an accounting. That for several years prior to January 4, 1923, in consequence of the acts of negligence, willfulness, and wantonness alleged on the part of defendants as directors, the executive officers of the bank had loaned without approval in writing to the directors and to others large amounts of money in excess of the amount fixed by statute, in many

cases upon insufficient security, and in other cases on no security whatsoever, among the loans the following being the most glaring:

December 27, 1920, Loans to Directors:

| | |
|---|---|
| W. L. Brissey, Anderson | $10,000.00 |
| G. A. G. Cooley, Williamston | 3,157.00 |
| N. S. Fant, Anderson | 1,500.00 |
| Lee G. Holleman, Anderson | 16,203.19 |
| C. S. Jones, Starr | 3,300.00 |
| H. H. Watkins, Anderson | 5,000.00 |
| J. F. Watson, Anderson | 5,000.00 |
| Total | $44,160.19 |

June 23, 1921, Loans to Directors:

| | |
|---|---|
| Lee G. Holleman, Anderson, O/D | $ 6,634.88 |
| Lee G. Holleman, Anderson | 28,172.90 |
| H. H. Watkins, Anderson | 5,390.37 |
| W. L. Brissey, Anderson | 5,000.00 |
| J. F. Watson, Anderson | 5,000.00 |
| H. V. G. Cooley, Williamston, S. C. | 3,663.00 |
| L. E. Dean, Anderson, O/D | 69.34 |
| W. C. Fant, Anderson | 1,000.00 |
| J. R. Findley, Anderson | 400.00 |
| Total | $55,330.49 |

January 19, 1922, Loans to Directors:

| | |
|---|---|
| H. H. Watkins, Anderson | $ 2,390.37 |
| J. F. Watson, Anderson | 5,000.00 |
| W. L. Brissey, Anderson | 4,250.00 |
| H. A. G. Cooley, Williamston | 3,663.00 |
| W. C. Fant, Anderson | 1,000.00 |
| C. C. Jones, Starr | 3,522.31 |
| Total | $19,825.68 |

Large loans to persons, firms, and corporations prior to January 4, 1923, according to the State Bank Examiner's audit and report:

| | | |
|---|---|---|
| Dr. C. S. Breedin, mtg. reind. wife and Holleman ........ | $18,624.15 | 50% loss |
| J. J. Fretwell, Jr., $2,114.40 ind. wife $370 ind. $5,843.00 open judgment ................ | 8,348.40 | doubtful |
| E. F. Geiger, $5,050 ind. Lee G. Holleman, mtg. 12 acres land, City of Anderson .......... | 18,145.85 | 50% doubtful |
| Rhett F. Martin, indorsement.. | 5,794.35 | doubtful |
| L. H. Thompson, open ...... | 10,588.27 | doubtful |
| K. E. Gilmer, $5,447.    Note Planters' Sup. Co., ind. mother, balance open .......... | 10,998.95 | doubtful |
| E. G. Fant, Jr., mtg. real estate | 9,654.55 | 75% doubtful |
| M. M. Bagwell, IM. in judgment—IIM. mtg. re........ | 12,382.40 | doubtful |
| W. D. Spearman, mtg. re (in question) ................ | 21,186.00 | Abt. 400 A. |
| Pat. W. Major 59 B/C (in question) open ............ | 16,926.14 | Loss 12 M. |
| J. G. Mitchell, 7 M. worthless.. | 7,637.00 | |
| H. L. Jackson, ind. R. W. Pruitt and J. L. Jackson........ | 13,531.79 | 50% doubtful |
| L. A. Martin, 100 A. near Anderson, 80 A. Oconee ...... | 17,161.19 | cons. good |
| C. C. Eargan, mtg. printing plant and stock of mdse..... | 19,400.45 | doubtful |
| W. T. McClure, in judgment (owns 1,100 acres) ....... | 15,392.40 | slow |
| Jas. M. Pearman, mtg. H. and L. 74 A. land ............ | 9,072.00 | slow good |
| W. E. Watson, mtg. real estate | 18,918.53 | slow good |

| | | |
|---|---|---|
| W. H. Dobbing, 2d mtg. re worth probably 40 M. has good property otherwise .... | 26,182.05 | 20% doubtful |
| Theo P. Watson, 2d mtg. 250 A. 1st mtg. 50 A. .......... | 17,890.66 | slow |
| A. F. & H. B. McCurry, open notes, land transferred to wife .................... | 16,664.39 | doubtful |
| N. Anderson Pro. Co., mtg. real estate ................... | 23,459.39 | doubtful |
| John McDonald, mtg. real estate | 10,550.00 | slow. |
| Ben Alexander, mtg. real estate | 11,504.57 | 30% slow |
| Cromer H. Beattie, receivables | 8,543.10 | worthless |
| F. B. & S. M. Crayton, open notes .................... | 12,903.76 | worthless |
| W. E. Watson and Jno. W. Linly, joint—open ......... | 7,911.92 | slow |
| J. Fred Dean, land sold ...... | 20,368.63 | very doubtful |
| Nelson R. Greene, mtg. real estate ................... | 13,500.00 | cons. good |
| Alen-Holland Masters, open... | 15,000.00 | doubtful |
| People's Fur. Co., indorsements and stocks ............... | 13,700.00 | slow |
| G. W. Clark, mtg. real estate.. | 7,033.00 | very slow |
| L. P. McCarley, mtg. real estate | 14,762.00 | doubtful |
| Jno. W. Lindley, mtg. real estate | 12,860.92 | doubtful |
| F. E. Alexander, ind. Lee G. Holleman and mtg. re. .... | 24,669.61 | very doubtful |
| R. Pringle Clinkscales, certain real est. in Ga. ........... | 16,691.38 | very doubtful |
| R. J. Jaynes, hosiery mill—title in trustees' name for bank... | 10,400.00 | 50% doubtful |

$412,536.56

That due to the negligent, willful, and wanton acts of said defendants other loans of larger amounts were made upon insufficient securities or no security. In consequence of all

the negligent, willful, and wanton acts, the said plaintiffs have suffered large losses, the exact amount of which cannot be ascertained except by an accounting. That a number of the loans above referred to were in flagrant violation of other sections of the banking laws of the State as especially loans made and set out in this paragraph aggregating four hundred twelve thousand, five hundred thirty-six and 56/100 ($412,536.56) dollars, and in loans exceeding the limit prescribed by statute, § ——:

M. B. Clinkscales, 2d mtg. 200 acres prior lien $8,500.00 Federal Land Bank—property probably worth $100.00 an acre—probable loss 25 M. .............................$ 35,290.51

Fretwell-Alverson Fur. Co., ind. members— bankrupt, 75% loss ................... 33,500.00

B. J. Pearman, mtg. real estate $22,500.00— probable loss 30 M...................... 45,818.20

F. J. Rody, mtg. real estate—628 acres prior lien $46,750—doubtful ..................... 36,723.96

Keowee Yarn Mill, indorsements—very doubtful ................................. 40,000.00

Kyle Shirley, mtg. real estate and open notes $10M—doubtful ...................... 29,467.84

Bank of Townville, B-R, aggregating amount of note ................................. 36,420.64

Lee G. Holleman—a probable loss of $60,000.00   55,822.63

Lee G. Holleman—as indorser ............. 27,891.29

Total .............................$379,934.86

That due to the negligent, willful, and wanton acts of said defendants a large number of loans remained from time to time uncollected, the same aggregating two hundred ninety-six thousand, one hundred fifty-six and 34/100 ($296,156.34) dollars, resulting in large losses to the said plaintiffs. That in consequence of the acts of negligence, willfulness, and wantonness aforesaid on the part of the de-

fendants as directors of said bank, the bank suffered other large losses on account of loans made to customers, which loans were sold, and on account of indorsements and otherwise the nature and amount of which can be ascertained only upon a proper accounting by the said directors as to the management and affairs of said bank.

(10) That it was the duty of the directors of the said bank, in view of the facts stated and under the law, to properly manage the affairs of said bank, to supervise all of its transactions, to see that the officers of the bank made correct reports of the bank's affairs and performed their duties and obey the law, to check the officers of the bank in the management of its affairs in any violation of the law or any acts which tended to threaten the good standing or solvency of said bank or to jeopardize the safety of its assets, and for that purpose to call and attend meetings of the board of directors at frequent intervals for the purpose of considering the affairs of the bank and the loans of said bank, looking into the solvency of the borrowers, and otherwise protecting the interests of those persons interested in its affairs and to whom it was in any wise indebted. That the defendants, as directors of the bank, as aforesaid, did not perform their duties in this regard, but willfully, wantonly and negligently failed so to do in the following particulars, to wit:

(a) They permitted the officers of the bank to make excessive loans beyond the legal limit, without the approval in writing of the directors, as required by law.

(b) They permitted loans to be made on the indorsement of the officers of the bank, in violation of law.

(c) They permitted the officers and directors of said bank to borrow money from said bank in excess of the limit allowed by law and upon collateral that was not legally and lawfully passed upon and approved by directors in writing.

(d) They permitted excessive loans to be made to partnerships, firms, companies, and corporations in which directors of the bank were owners and were officers, in violation of law.

(e) They permitted and allowed persons, firms, and corporations in which two or more of the officers of this bank were interested to borrow money of the bank in excess of the amount allowed under the law.

(f) They permitted the president of the bank, Lee G. Holleman, to do an automobile and real estate business, highly speculative enterprises, and do the business of said enterprises, with excessive loans and on overdrafts of the People's Bank of Anderson, thereby appropriating to his use the assets of the bank to the extent of more than one-seventh of the capital stock of the bank, in violation of law.

(g) They permitted firms in which directors of the People's Bank of Anderson were owners and officers to do business with the bank's money by means of excessive loans and overdrafts, aggregating more than $397,603.88, in violation of law.

(h) They permitted large and excessive loans to individuals, firms, and corporations, without security, many of borrowers being engaged in the hazardous business of merchandising.

(i) They published inaccurate, erroneous, false, and misleading statements as to the condition of said bank which were calculated to deceive and which did deceive the public and induced the public and those plaintiffs to make large deposits in said bank and continue holding and renewing their deposits in said bank; said statements as aforesaid, being in violation of law.

(j) They failed to appoint a loan committee to supervise and inspect the loans of said bank made by its president and cashier, and they likewise failed themselves to supervise and inspect said loans, all in violation of law.

(k) In not creating and maintaining a surplus fund of not less than one-tenth of its net annual earnings each year until its said surplus reached 25 per cent. of its capital stock.

(l) In attempting to conduct said bank in the absence of a surplus and thereby endangering said banking business, to the loss and damage to the plaintiffs and other depositors, stockholders, and creditors herein, of many thousands of dollars.

(m) They allowed a large number of customers of said bank to make overdrafts, the amount of overdrafts on the 4th day of January, 1923, amounting to practically one-twelfth of the capital stock of said bank, in violation of law.

(n) In allowing and permitting the accumulation of non-collectible bills payable and overdrafts to the extent of completely absorbing and wiping out the working capital of said bank, thereby leaving said bank in a hopeless and insolvent condition, to the detriment and damage of the plaintiffs and other depositors, stockholders, and creditors of said bank.

(o) In unlawfully and without authority delegating or attempting to delegate sole and unlimited authority to a single officer of said bank, to wit, Lee G. Holleman, its president, to manage and conduct the affairs of the said bank, to the detriment, damage, and loss of the plaintiffs and all others for whom this action has been brought, in violation of law.

(p) They employed and kept in the employ of said bank, officers, and agents known by the directors to be engaged in speculative and hazardous business, or who, by the exercise of ordinary diligence, should or would have known were so engaged, and whom the directors knew had made transactions with the bank, in violation of law.

(q) They failed to call and attend meetings of the board of directors, as required by the law and by the by-laws of said bank.

(r) They borrowed excessive amounts of money and pledged a very large part of the most liquid assets of the bank to secure the same and allowed the officers of the bank to loan the proceeds largely to themselves and to companies and corporations in which the officers of said bank were likewise officers.

(s) They allowed officers and directors of the bank to withdraw their deposits, after they had become assets for the defunct corporation to be prorated among the creditors and especially the plaintiffs herein, in violation of law.

(t) On demand for quarterly reports and call statements made by the State Bank Examiner the officers and directors made and published inaccurate, misleading, and false reports of the People's Bank of Anderson, to the State Bank Examiner.

(u) The directors, in violation of law, after the insolvency of said bank and knowing the bank to be insolvent, unlawfully withdrew deposits of officers, directors, and particular friends, and paid the same, in violation of law.

(v) That the said officers and directors, these defendants, removed securities from the said bank and applied the same to their own benefit, in violation of law.

(w) The directors, these defendants, in violation of law, knowing the bank to be insolvent or in imminent danger of insolvency, allowed, permitted, and aided the officers of the bank to make statements and to publish the same showing a surplus of seventy-five thousand ($75,000.00) dollars, and thereby permitted, invited, and secured the renewal of the deposits by these plaintiffs and other depositors for the years 1921, 1922, and 1923, which renewals these plaintiffs would not have made, but for the alleged surplus of $75,-000.00 and the suppression of the fact that much of the bank's resources were worthless.

(x) In not petitioning for a receiver of said People's Bank, and for not liquidating said bank when it first became apparent to said directors that said bank was hopelessly insolvent and unable to function and meet its obligations, thereby increasing the obligations of said bank and increasing the losses, to the detriment and damage of the plaintiffs and all other creditors, stockholders, and depositors of said bank.

(11) That the defendants frequently made erroneous and false statements as to the amount of the indebtedness of the People's Bank of Anderson in order to preserve its credit among the stockholders and retain its deposits. Among the most glaring of the inaccuracies shown by its respective statements to the State Bank Examiner by its call report and State Bank Examiner's report of January 19, 1922, setting out that the assets of said bank were two million, one hundred twenty-seven thousand, seven hundred ninety-one and 95/100 ($2,127,791.95) dollars, and its liabilities:

Capital stock ...........................$  200,000.00
Surplus ...............................      75,000.00
Other undivided profits .................     115,420.32
Notes and bills rediscounted .............      65,512.50
Deposits ..............................   1,051,482.81
Bills payable, including certificates for money
    borrowed ............................     564,702.99
Sundry banks ..........................      49,673.33

    Total .............................$2,127,791.95

(12) That as a result of the negligent, willful, and wanton acts of the defendants, as directors, as above set forth, resulting in large losses as above stated, the said bank was rendered insolvent and unable to carry on its business of banking, and finally on January 4, 1923, the directors of the said bank were forced to turn its affairs over to the State Bank Examiner to be liquidated by him as provided

by statute, and that subsequently on the 25th day of January, 1923, with the consent of the State Bank Examiner, and at the instance of the directors and stockholders of said bank, the said stockholders of said bank petitioned the Court of Common Pleas for an order putting its affairs in liquidation in conformity with the Civil Code of 1922.

(13) That in pursuance of the resolution of the board of directors turning over for liquidation the affairs of the bank to W. W. Bradley, State Bank Examiner, and with their consent, W. W. Bradley, at a directors' meeting held on the 25th day of January, 1923, petitioned the Court for the liquidation of the People's Bank of Anderson, and in conformity therewith the defendants, directors and officers of the People's Bank of Anderson, has been in process of liquidation as provided by the statutes (Civil Code 1922, Vol. 3), and C. C. Jones, formerly president, and D. E. Browne, formerly cashier, have been acting as liquidating agents for the said, the directors defendants herein, who are trustees under the statutes of South Carolina, and with the supervision of W. W. Bradley, State Bank Examiner. That the said liquidating agents, trustees, the defendants herein, have full control of all the books and papers of the said bank, and that no dividend has been paid except the sum of ten (10) per cent. to the depositors, and that much of the collateral which was collectible has been collected, and very little, if anything, will be realized from the collateral now held in hand, as plaintiffs are informed and believe.

(15) That the plaintiffs further allege that the defendants, creditors and stockholders of said bank, have a right to recover of the defendants, the former directors of said bank, all sums lost and dissipated through the negligent, willful, and wanton acts herein alleged, and to that end to have an accounting to determine the amount of all such losses, and that the plaintiffs are entitled to recover of said defendants their *pro rata* share of such losses; that it would be most difficult, if not impossible, as well as expensive

and inconvenient, to make all of the said depositors, cred-
itors, and stockholders parties plaintiff in this action, there
being some four hundred and fifty (450) depositors. The
plaintiffs, therefore, in order to avoid a multiplicity of suits,
as well as to protect the rights of parties similarly situate
with themselves, bring this action for the benefit of all,
under Code 1922, Vol. 1, § 362.

Wherefore plaintiffs pray:

(1) That all stockholders, depositors, and creditors of
said People's Bank of Anderson be called in to make proof
of their holdings of stock, deposits, or other evidences of in-
debtedness of said corporation, and also to establish against
said directors, defendants, their claims for compensation for
losses sustained by them in consequence of the misdoings
and the negligence of those persons.

(2) That the said directors, E. P. Vandiver, C. C. Jones,
B. A. Henry, W. L. Brissey, W. H. Tucker, Fulmer Wat-
son, J. J. Smith, and H. H. Watkins, in their own right as
aforesaid, and as directors and liquidating trustees, be re-
quired to render an account of the management of the said
People's Bank of Anderson, during its active operations,
as well as from the 25th day of January, 1923, including
especially the matters charged in this complaint and described
as culpably negligent.

(3) That plaintiffs and other stockholders, depositors,
and creditors establishing demands against the said defend-
ants directors have judgment against such defendants, other
than the said People's Bank of Anderson, individually for
the acts of demands ascertained on said accounting.

(4) That plaintiffs' attorneys be allowed a reasonable
fee for their services in these proceedings.

(5) That plaintiffs and all other stockholders, depositors,
and creditors have such other and further relief as to the
Court may seem meet and proper.

## Demurrer

The demurrer, omitting caption, is as follows:

The defendants, E. P. Vandiver, C. C. Jones, B. A. Henry, W. L. Brissey, W. H. Tucker, J. F. Watson, L. E. Dean, and W C. Fant, demur to the complaint herein (subject to the notice served herewith to make more definite and certain) for the reason that it appears upon the face of the complaint:

(1) That the Court has no jurisdiction of the persons of the defendants acting as directors of People's Bank of Anderson, S. C., nor the subject of the action, for the reason that it appears from the face of the complaint that defendants, with the State Bank Examiner, are liquidating the affairs of People's Bank of Anderson, S. C., pursuant to the provisions of Section 3981 of the Code of Laws of South Carolina, 1922, Vol. 3, and an order granted pursuant to the provisions of said statute, and that by the provisions of said statute, and said order all persons are restrained and enjoined from bringing any action or proceeding against said corporation and those charged with the liquidation of its affairs, except in said proceeding in which the affairs of said corporation are in the process of liquidation; and it further appears from the face of the complaint that this action is not brought pursuant to any of the provisions of said statute or of said order.

(4) That the several causes of action set forth in the complaint are improperly united, in that there is (1) a cause of action therein alleged in favor of plaintiffs individually and as representing the depositors of People's Bank of Anderson, S. C.; (2) a cause of action therein alleged in favor of plaintiffs individually and as representing the stockholders of People's Bank of Anderson, S. C.; and (3) a cause of action therein alleged in favor of plaintiffs individually and as representing the creditors only of People's Bank of Anderson, S. C.; and that the liability charged to the de-

fendants and the relief sought by the plaintiffs in each of said representative capacities is wholly dissimilar.

(5) That the complaint fails to state facts sufficient to constitute a cause of action, in that there is no allegation therein of a joint or common interest of such of the plaintiffs as are therein alleged to be stockholders of the said People's Bank of Anderson, S. C., and such other plaintiffs as are therein alleged to be depositors in said bank, and that the nature of the alleged liability of the defendant and the relief sought of them in the complaint by such of the plaintiffs as are alleged to be stockholders of said People's Bank of Anderson, S. C., and the nature of the alleged liability of the defendants and the relief sought by such of the plaintiffs as are alleged to be depositors in said bank is not such liability in which said plaintiffs have a joint and common interest but is several in its nature.

Wherefore, defendants pray that the complaint be dismissed.

ORDER

The order of his Honor, C. C. Featherstone, presiding Judge, disposing of the demurrer and the notice to make more definite and certain, omitting caption, is as follows:

The complaint in this action having been duly served upon the defendants personally, the defendants filed a demurrer and "motion to make the complaint more definite and certain" and all these were set for hearing on this March 19, 1927, in open Court. After argument of counsel for both plaintiffs and defendants, and it appearing to the Court from an exhibit of the complaint in *Brown v. Hammett,* 133 S. C., 446; 131 S. E., 612, and an inspection and the comparison with the complaint in this case and that the two are drawn upon identical lines, varying only as may be necessary to set forth the facts differentiating the two cases;

It further appearing that the defendants in *Brown v. Hammett* raised by demurrer the identical points made in this cause, and, after hearing, it was adjudged by his

Honor, Judge Rice, that neither the banking corporation nor the State Bank Examiner, nor the liquidating agents, were either necessary or proper parties, and that cause having been appealed to and decided by the Supreme Court, the rulings, holdings, and decisions of the Circuit Court were affirmed for the reasons stated in said decree and in the opinion of the Supreme Court:

The defendants press their *motions to make* the *complaint* more *definite* and *certain* and in substance desire to have set out with particularity the allegations as to which of the plaintiffs represents (1) the stockholders and (2) which represents the depositors and (3) which represents the creditors, and likewise set out with particularity each charge of wrongdoing on the part of the defendants.

In *Sigwald v. Bank,* 74 S. C., 475; 55 S. E., 110, the order there made required that the plaintiffs amend, "by alleging specifically" (1) "each act of negligence or omission on account of which it is sought to charge the defendants or either of them; (2) * * * what particular loss or losses, * * * were occasioned by several acts of negligence or omission," etc.; (3) "who were the officers and directors of the said bank at the time," etc.; (4) "who * * * was responsible for each particular loss or losses and the amount thereof."

The Supreme Court on appeal held that the order was erroneous and that the complaint was sufficient, the allegations showing a position of trust by the defendants that the charges made against the conduct of the board of directors in the management of the bank and as liquidating agents need not be set forth with particularity, but plainly set out; and it further appearing from the case of *Brown v. Hammett* that the charges made were particularly set forth in Paragraph 9 of the complaint and in Paragraph 10 in the instant case, the Court holds that the complaint is sufficiently *definite* and *certain* and comes within the rule

laid down in *Brown v. Hammett,* where Mr. Justice Cothran for the Court said:

"The appeal may be disposed of by a determination of the single question whether the plaintiffs, under the allegations of the complaint, have the right to maintain this action.

"The plain interpretation of the complaint is that the mismanagement and negligence of the directors, in the various particulars mentioned, have entailed losses of many thousand dollars to the bank, and that a recovery of the damages so inflicted upon the bank will inure to the benefit of the stockholders, depositors, and general creditors who will be entitled to participate in them. In other words, it is sought to realize, to the corporation, assets for distribution among the depositors and general creditors first, and to the stockholders, should a balance remain."

It was held in *Bradley v. Guess,* 140 S. C., 60; 136 S. E., 482: "So far as it [the complaint] states a cause of action in his own favor, the receiver is not at all interested in that, and he should proceed independently of the present action."

In *Ford v. Sauls,* 138 S. C., 426; 136 S. E., 888, it is said:

"The right of action upon the statutory liability of a stockholder has been invariably held by this Court to be a personal right of the depositors, enforceable by them in an action in the nature of a creditor's bill. It can, therefore, be no part of the assets of an insolvent bank, with which the liquidating trustees or the receiver, as the case may be, are charged with the duty of assembling and distributing."

It is, therefore, ordered that the demurrer interposed herein be, and hereby is, overruled.

It is further ordered, that the motions made by defendants "to make the *complaint* more *definite* and *certain,* be, and hereby are, denied.

It is still further ordered, that a certified copy of this order be served upon defendants' counsel and that defendants be allowed 20 days within which to file their answer or answers to the complaint herein from the date of the service of verified copy of this order upon counsel for defendants.

## EXCEPTIONS

The exceptions are as follows:

Appellants except to the order of his Honor, C. C. Featherstone, presiding Judge, on the following grounds, to wit:

(1) Because his Honor erred in overruling the first ground of the demurrer to the effect as follows: "That the Court has no jurisdiction of the persons of the defendants acting as directors of People's Bank of Anderson, S. C., nor of the subject of the action, for the reason that it appears from the face of the complaint that defendants with the State Bank Examiner are liquidating the affairs of People's Bank of Anderson, S. C., pursuant to the provisions of Section 3981 of the Code of Laws of South Carolina, 1922, Vol. 3, and an order granted pursuant to the provisions of said statute, and that by the provisions of said statute and said order all persons are restrained and enjoined from bringing any action or proceeding against said corporation and those charged with the liquidation of its affairs, except in said proceeding in which the affairs of said corporation are in the process of liquidation; and it further appears from the face of the complaint that this action is not brought pursuant to any of the provisions of said statute or of said order"—the error being that said ground of demurrer correctly sets forth a fatal defect in the complaint and should, therefore, have been sustained.

(4) Because his Honor erred in overruling the fourth ground of the demurrer to the effect as follows: "That the several causes of action set forth in the complaint are improperly united, in that there is (1) a cause of action therein alleged in favor of plaintiffs individually and as

representing the depositors of People's Bank of Anderson, S. C., (2) a cause of action therein alleged in favor of plaintiffs individually and as representing the stockholders of People's Bank of Anderson, S. C., and (3) a cause of action therein alleged in favor of plaintiffs individually and as representing the creditors only of People's Bank of Anderson, S. C., and that the liability charged to the defendants and the relief sought by the plaintiffs in each of said representative capacities is wholly dissimilar"— the error being that said ground of demurrer correctly sets forth a fatal defect in the complaint and should, therefore, have been sustained.

(5) Because his Honor erred in overruling the fifth ground of the demurrer to the effect as follows: "That the complaint fails to state facts sufficient to constitute a cause of action, in that there is no allegation therein of a joint or common interest of such of the plaintiffs as are therein alleged to be stockholders of the said People's Bank of Anderson, S. C., and such other plaintiffs as are therein alleged to be depositors in said bank, and that the nature of the alleged liability of the defendants and the relief sought of them in the complaint by such of the plaintiffs as are alleged to be stockholders of said People's Bank of Anderson, S. C., and the nature of the alleged liability of the defendants and the relief sought by such of the plaintiffs as are alleged to be depositors in said bank is not such liability in which said plaintiffs have a joint and common interest but is several in its nature"—the error being that said ground of demurrer correctly sets forth a fatal defect in the complaint and should, therefore, have been sustained.

*Messrs. Allen & Doyle, Watkins & Prince,* and *A. H. Dagnall,* for appellants, cite: *Action against directors while liquidating affairs of bank under supervision of Bank Examiner restrained:* Sec. 3981, Code. *Demurrer good where defect of parties:* Sec. 401, Code Proc. *Distinguished:* 131

S. E., 612. *Misjoinder of causes of action:* Sec. 430, Code Proc.; 97 S. C., 2; 24 S. C., 39; 65 S. C., 122. *Rule that an order refusing a motion to make more definite and certain is not appealable subject to exceptions:* Sec. 657, Code Proc.; 102 S. C., 442; 139 S. C., 163.

*Messrs. R. J. Southall, S. G. Mayfield,* and *Wolfe & Miller,* for respondents, cite: *Case controlled by* 131 S. E., 612. *As to motion to make complaint more definite and certain:* 74 S. C., 473. *Rule as to demurrer:* 97 S. C., 146. *As to the effect of admissions of counsel:* 141 S. E., 375. *Distinction between "going concerns" and concerns which are "moribund or dead":* 115 S. E., 812; 60 S. C., 198; 105 S. C., 524.

May 7, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Featherstone, overruling a demurrer of the defendants to the complaint.

The action is by the plaintiffs as depositors (one of the plaintiffs being a stockholder as well as a depositor), on behalf of themselves and of all others, stockholders, depositors, and creditors of said bank, who may come in and seek relief by, and contribute to the expenses of, the suit, against the defendant, directors of said bank, liquidating trustees, for an accounting and for damages resulting from their alleged mismanagement and negligence in the supervision and conduct of the affairs of the bank.

The complaint contains a detailed statement of the various acts of alleged mismanagement and negligence on the part of the directors, resulting in losses to the bank, amounting to several hundred thousand dollars, and prays that the defendants be required to render an account of their management of the affairs of the bank during its active operation and since the bank was taken over by the Bank Examiner.

The defendants interposed a demurrer to the complaint upon the grounds stated in the written demurrer, which will be incorporated in the report of the case. The demurrer was overruled by his Honor, Judge Featherstone, in an order dated March 19, 1927, and from that order the defendants have appealed upon the grounds which appear in the report of the case. Both exceptions to the order relating to the motion to make more definite were abandoned at the hearing, Exceptions 6 and 7, also Exceptions 2 and 3, relating to to the demurrer.

On January 4, 1923, on account of the insolvency of the bank, a resolution was adopted by the board of directors, requesting the State Bank Examiner "to take and retain sole possession and control of the property and business of such corporation for not exceeding thirty days." The Bank Examiner complied with that request on the same day.

It does not so distinctly appear in the complaint, but we assume that it was intended to be alleged, that in conformity with Section 3981 of Volume 3, Code 1922, on January 25th, within the 30-day period of possession and control by the Bank Examiner, the corporation, with the consent of the examiner, obtained from the Judge of the Court of Common Pleas presiding in the circuit an order authorizing the "corporation to liquidate its affairs, under the sole supervision and control of the examiner, and subject to the order of said Court."

Immediately upon the passage of the order referred to (and assumed to have been passed), as was held by this Court in the case of *Browne v. Hammett,* 133 S. C., 446; 131 S. E., 612, "the directors of the bank became, *ipso facto,* liquidating trustees of the banking corporation, with all the rights, powers, and duties conferred by Section 4282. They in fact were vested with the title to all of the assets of the bank, for the powers conferred upon them are consistent only with the title. They had the right

to the possession of them; the right to collect the debts; the right to sell and convey the property; the right and duty to pay the debts and distribute the. net proceeds; and they had the power to 'meet and act under the by-laws of the corporation.' They had also, under Section 4283, the authority to sue for and recover the debts and property 'by the name of the corporation.' The corporation by these necessarily exclusive provisions was completely stripped of every power, right, and activity as a corporation." (Attention is called to the omission of a line in the opinion of the Court, as reported in 133 S. C., at page 454; after the word "in," on line 2 from the bottom of that page, and before the word "the" on the last line, there should be inserted: "The directors contemplate the liquidation of." See 131 S. E., at page 614, second column, line 12 from bottom.)

It appears from the complaint that the former president of the bank, C. C. Jones, and the former cashier, D. E. Browne, have, since the order of liquidation, been acting as liquidating agents for the directors of the bank.

The appellants contend by their remaining exceptions that the demurrer should have been sustained upon the following grounds, substantially stated: (1) That when the order of January 25, 1923, which directed the liquidation of the bank, as provided for in Section 3981, was passed, the present rights asserted could only have been prosecuted "in the cause in which the order of liquidation was granted"; (2) that several causes of action have been improperly united in the complaint; (3) that there is no allegation of such a joint interest of the plaintiffs as justifies a joint action by them.

I. As to the first contention: The provision of the statute evidently referred to is:

"That during the periods when the examiner is in control of said corporation no action or proceeding *against* said corporation or its stockholders shall be instituted ex-

cept in the cause in which the order of liquidation was granted."

It is sufficient answer to this contention to observe that the present action is not *against* the corporation or its stockholders, but emphatically in the interest of both.

II. As to the second contention: We find in the complaint but a single cause of action, with specifications: An effort to bring into the treasury of the corporation, for the benefit of its depositors and other creditors, and ultimately its stockholders, funds of the bank which, it is alleged, have been dissipated by the wrongful conduct of the directors.

III. As to the third contention: If our analysis of the complaint, as stated under contention II, is correct, it necessarily follows that there are no several rights attempted to be adjusted in the complaint.

As the Circuit Judge has held, the complaint is practically identical with that in *Browne v. Hammett,* 133 S. C., 446; 131 S. E., 612. There the Court said:

"The appeal may be disposed of by a determination of the single question whether the plaintiffs, under the allegations of the complaint, have the right to maintain this action.

"The plain interpretation of the complaint is that the mismanagement and negligence of the directors, in the various particulars mentioned, have entailed losses of many thousand dollars *to the bank,* and that a recovery of the damages so inflicted *upon the bank* will enure to the benefit of the stockholders, depositors, and general creditors who will be entitled to participate in them. In other words, it is sought to realize, *to the corporation,* assets for distribution among the depositors and general creditors first, and to the stockholders, should a balance remain."

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER did not participate.